636 So.2d 385 (1994)
Richard BENDER
v.
NORTH MERIDIAN MOBILE HOME PARK, Clyde Rose and Lannie Ritter.
No. 91-CA-00425.
Supreme Court of Mississippi.
April 7, 1994.
Rehearing Denied June 2, 1994.
*386 Yogesh K. Nanji, Meridian, for appellant.
George Alan Evans, Dreyfus & Evans, Meridian, for appellees.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
On December 5, 1988, Richard Bender (Bender) filed a complaint against North Meridian Mobile Home Park, Inc., Clyde Rose, individually and Lannie Ritter, individually. All three defendants are referred to collectively as "landlord" as they were agents of one another. Clyde Rose was the president of North Meridian Mobile Home Park, Inc., and Lannie Ritter was its manager. The complaint alleged wrongful conversion of Bender's property. On December 9, 1988, Bender filed his First Amended Complaint claiming that the property seized by landlord was exempt from attachment or execution.
Landlord filed its Answer and Defenses on January 4, 1989, and asserted that it had taken possession of tenant's property pursuant to the landlord's lien provided by Miss. Code Ann. § 89-7-51 (1972). Landlord also counterclaimed for past due rent in the amount of $665.00 and storage fees in the amount of $590.00.
On March 16, 1989, Bender filed a motion to add the State of Mississippi as a party defendant based on his intention to challenge the constitutionality of Miss. Code Ann. § 89-7-51 (Supp. 1988). An Agreed Order entered on March 29, 1989, granted Bender leave to amend the complaint, but denied the request to add the State of Mississippi as a party defendant.
On April 17, 1989, Bender filed his Second Amended Complaint, adding the claim of wrongful eviction and deprivation of property without due process in violation of the Fourteenth Amendment to the United States Constitution. The due process claim also sought damages pursuant to 42 U.S.C. § 1983 and attorney fees under § 1988. The landlord answered on May 18, 1989, raising various defenses.
After completion of discovery, a trial was held in the Circuit Court without a jury on October 1 and 2, 1990. At the conclusion of the Appellant's case, the Trial Court granted a Motion to Dismiss as to Clyde Rose, individually. In addition, the trial court in its final Judgment entered March 20, 1991, specifically denied all relief prayed for by Bender against both Lannie Ritter and Clyde Rose, individually.
Bender filed his Notice of Appeal to this court on April 19, 1991.

FACTS
Richard Bender (Bender) entered into a six month lease on July 13, 1987, to rent trailer No. 4 from North Meridian Mobile Home Park, Inc., (landlord). The lease specified that the rent was $195.00 per month, but did not state when such rent was due.
Bender paid rent at various intervals and in varying amounts. Bender was behind on his rent from the beginning of the lease. Bender testified that no one complained about the way that he paid his rent. However, Lannie Ritter testified that he had talked with Bender many times about getting his rent paid. Through the end of November 1987, Bender was in arrears in the amount of $165.00.
The facts are disputed as to when Bender was locked out of the trailer. Bender testified that he had gone by to see Mr. Ritter on December 5, 1987, so that he would know that he was planning on bringing partial payment of the rent. He stated that he went to see Mr. Ritter because Mrs. Ritter had come by his trailer earlier to see if he had anything toward the rent. Bender stated that later that day when he returned to make a payment towards rent that he was locked *387 out of his trailer. Bender testified that he received the eviction notice after he had been locked out of the trailer. Bender stated that all these events occurred on the same day.
After finding that the locks had been changed on the trailer, Bender stated that he went to see Mr. Ritter and attempted to give him some money towards rent, but Mr. Ritter would not accept it. Bender testified that Ritter told him not to come back to the trailer park, and if he did he would be shot as a trespasser.
Bender testified that he made several pleas with Mr. Ritter to allow him in the trailer to get some medication for his back injury but Ritter refused. Bender stated that he returned to the trailer three or four days after he had been locked out (Dec. 8 or 9, 1987) to get some papers for the Social Security Administration. He testified that he was not allowed to take any other items from the trailer.
Lannie Ritter did not testify at trial, but his deposition was admitted into evidence. Ritter testified that he and Clyde Rose decided that Bender must be evicted. Ritter testified that he served Bender with the eviction notice on December 5, 1987. He stated that he did not take further action until December 8 or 9, 1987. On either December 8 or 9 Ritter stated that he changed the locks on the trailer Bender was renting while Bender was away. Ritter stated that when Bender came back to the trailer park, he wanted to be let back in his trailer. Ritter stated that his wife went to the trailer with Bender and allowed him to get his medication out of the trailer. Ritter stated that the day after he locked Bender out of the trailer he (Bender) returned to the trailer park and threatened him with a gun. Ritter stated that when he threatened to call the sheriff, Bender left the trailer park. Ritter said that was the last time that he saw Bender.
Landlord kept Bender's property locked in the rental trailer No. 4 for about two months, until some date in February. At that time, landlord moved Bender's property to a storage trailer and prepared an inventory. Bender's property remained in the storage trailer until May or June 1988. The landlord sold the inventoried items at a general rummage sale in June 1988. An advertisement announcing the rummage sale was published in the local newspaper, but no reference was made to Bender's possessions being put up for sale. Bender was not notified of the sale. According to the landlord, the rummage sale of all items, including the inventoried property of the tenant, brought in thirty-five ($35.00) dollars.

ASSIGNMENT OF ERRORS
Bender assigns the following as error:
I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE TENANT WAS NOT WRONGFULLY EVICTED.
II. WHETHER THE TRIAL COURT ERRED BY FINDING THAT LANDLORD, IN LOCKING UP TENANT'S POSSESSIONS PURSUANT TO MISS. CODE ANN. SECTION 89-7-51(2), DID NOT VIOLATE DUE PROCESS PROTECTIONS GUARANTEED TENANT BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. SECTION 1983.
III. WHETHER THE ATTACHMENT FOR RENT STATUTES ARE UNCONSTITUTIONAL.
IV. WHETHER THE COURT ERRED IN DENYING RECOVERY OF ALL DAMAGES FOR CONVERSION BY LANDLORD AND IN FAILING TO AWARD DAMAGES FOR LANDLORD'S VIOLATIONS OF 42 U.S.C. SECTION 1983.

DISCUSSION

I.

1.
Bender asserted that he was wrongfully evicted. The landlord stated that it had a landlord's lien pursuant to Miss. Code Ann. § 89-7-51(2) for non-payment of rent. Section 89-7-51(2) states:
All articles of personal property, except a stock of merchandise sold in the normal *388 course of business, owned by the lessee of real property and situated on the leased premises shall be subject to a lien in favor of the lessor to secure the payment of rent for such premises as has been contracted to be paid, whether or not then due. Such lien shall be subject to all prior liens or other security interests perfected according to law. No such articles of personal property may be removed from the leased premises until such rent is paid except with the written consent of the lessor. All of the provisions of law as to attachment for rent and proceedings thereunder shall be applicable with reference to the lessor's lien under this section.
Landlord claimed that the Landlord Lien Statute permitted him to lock tenant out of the trailer and thereby eject Bender from the premises. The trial court agreed with the Landlord and found that the Landlord Lien Statute, § 89-7-51(2) (1972), permitted a landlord to seize possession of the leased premises without legal process and that the statute was an additional method of evicting a tenant. The trial court also mixed the issue by discussing the constitutionality of § 89-7-51(2) with the wrongful eviction issue. The court held that the landlord acted in good faith in exercising its rights under the landlord lien statute. The court stated:
The Court finds that the Defendant acted in good faith in exercising it's rights under said statute. Although the parties did not submit any Mississippi authorities on point, the Supreme court of Oklahoma considered the constitutionality of a statute similar to ours in Hitchcock versus Allison, 572 P.2d 982 (Oklahoma 1977). There the Court said that the landlord's seizure of tenant's property to secure payment for repairs, unpaid rentals and cleaning, accomplished under statute creating landlord's lien was constitutional when tested by the Fourteenth Amendment of the United States Constitution as applied through 42 U.S.C. Section 1983. This court adopts the findings and conclusions reached in Hitchcock. Therefore, the Court finds that there is no merit to Plaintiff's contention of wrongful eviction in this case since Plaintiff was clearly in arrears for past due rent and deposit on December 5, 1987. Also, Plaintiff was given a written notice on receipt number 0275, dated November 8, 1987, (Exhibit Four) that stated if the balance of the rent was not paid by November 11, 1987, he would have to move. Plaintiff did neither.
Bender argued that the Landlord Lien Statute § 89-7-51 does not provide for the ejectment of a tenant from the leased premises for failure to pay rent. This Court agrees. Section 89-7-51(2) is not an alternative remedy for removal of a tenant from the leased premises as the lower court stated. Section 89-7-51(2) gives a landlord a subordinate lien on all articles of personal property.[1] The landlord's reliance on the Landlord Lien Statute, § 89-7-51, as some form of legal process or sanction to eject the tenant from his home was misplaced. There is nothing in the statute that indicates that a landlord is allowed to resort to lockout. The statute specifically states the means by which the lien should be enforced. The last sentence of § 89-7-51(2) states "All of the provisions of law as to attachment for rent and proceedings thereunder shall be applicable with reference to the lessor's lien under this subsection." This means that in order for the landlord to enforce his statutorily created lien on the tenant's personal property they must follow the attachment for rent statutes. Sections 89-7-55 through 89-7-125 set forth how a landlord attaches for rent. The landlord clearly did not follow this procedure. Since § 89-7-51(2) did not provide for the actions taken by the landlord, the Court finds that the trial court erred in finding that Bender was not properly evicted.

2.
Not only were landlord's actions of lockout not allowed by statute, but case law also prohibited the action. This Court has held that a landlord could not regain possession of leased premises by breaking in or by *389 threats of personal violence or the exercise of such violence, but where the lease provided for reentry by the landlord for tenant's failure to pay rent, the landlord may exercise such reentry if done so without breaking in, violence or threats of violence. Clark v. Service Auto Co., 143 Miss. 602, 108 So. 704 (1926). In Clark, the lease between the landlord and the tenant included a provision which gave the landlord the right to remove the tenant and take possession of the premises without notice for tenant's failure to pay rent. The Court stated that without such provision in the lease the landlord would have been required to follow the statutory process.
The lease between the landlord and tenant in the case sub judice had no provision which would have allowed the landlord to regain possession without notice and hearing. Since there was no such provision, the landlord should have used the statutory process and not resorted to a self-help procedure.

II.
Bender argued that the landlord's actions in locking up his possessions pursuant to § 89-7-51(2) violated due process requirements of the U.S. Constitution, Fourteenth Amendment, and 42 U.S.C. Section 1983. While the statute may be overreaching in that it grants a landlord a lien on all of tenants possessions and provides that no personal property may be removed without landlord's consent, the statute does not give a landlord the authority to use self-help to enforce the lien. The statute directs the landlord to use the attachment for rent statutes.
Since § 89-7-51(2) does not allow for the actions taken by the landlord, there is no state action. Mississippi's landlord lien statute does not authorize a landlord to use self-help to seize property of the tenant.
The procedure for enforcing the lien may constitute state action in an appropriate case, but the procedure here used by the landlord (lockout) is not authorized by the landlord lien statute and was totally without statutory authorization or grant. Therefore the Court finds this assignment of error to be without merit.

III.
Bender argued in his brief that the attachment for rent statutes were unconstitutional. Landlord argued that the only constitutional issue in this case was whether § 89-7-51(2) (Landlord Lien Statute) as it was used in this case was constitutional when tested by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Landlord stated that Bender's Complaint did not challenge or address the constitutionality of any statute other than § 89-7-51(2) of Mississippi Code of 1972.
This Court has stated that a trial judge cannot be put in error on a matter not presented to him for his decision. Mills v. Nichols, 467 So.2d 924, 931 (Miss. 1985). In addition, it is a well stated principle that issues not presented at trial cannot be raised on appeal. Parker v. Mississippi Game and Fish Commission, 555 So.2d 725, 730 (Miss. 1989). Therefore, landlord argued that Bender cannot argue this issue on appeal since it was not raised at trial. Leathers v. Aetna Cas. & Sur. Co., 500 So.2d 451, 453 (Miss. 1986).
Since the issue was not specifically raised in the lower court, this Court cannot directly address the issue. We have stated "[t]he rule that questions not raised in the lower court will not be reviewed on appeal is particularly true where constitutional questions are involved." Patterson v. State, 594 So.2d 606, 609 (Miss. 1992). However, the Court would point out that statutes similar to the attachment for rent statutes have been declared unconstitutional for failure to provide for a prompt post-seizure hearing. See Mississippi Chemical Corp. v. Chemical Const. Corp., 444 F. Supp. 925 (S.C.Miss. 1977) (declared attachment in chancery statutes and attachment at law statutes unconstitutional); Wyatt v. Cole, 710 F. Supp. 180 (S.D.Miss. 1989) (declared replevin statutes unconstitutional); Keelon v. Davis, 475 F. Supp. 204 (S.D.Miss. 1979) (declared sequestration statutes unconstitutional). If the question was properly before the Court, the Court would very likely find the attachment for rent statutes *390 unconstitutional because the statutes fail to provide for notice and hearing.

IV.
Bender argued that the trial court erred in assessing the amount of damages for conversion. At the trial of the case sub judice, landlord introduced an inventory done by the landlord's manager about two months after Bender's property was locked up in his trailer. Bender's testimony as to what specific items were in the trailer and their value differed vastly from the inventory made by landlord.
Bender argued that a review of the record would clearly show that the trial court erred in its findings. Bender introduced an exhibit that listed the items he claimed were in the trailer at the time of landlord's seizure of property. This exhibit stated a total value of the listed items at $4,793.00. Bender testified that the seized property was worth at least $3,500.00. Bender introduced ten photographs which portrayed items of personal property that Bender alleged were in the trailer at the time of the seizure by landlord.
The trial court found that "there was no credible evidence produced at trial convincing the court as to the value of said possessions, whatever they were, at the time of conversion." However, the trial court assessed Bender's conversion damages at $296.45. This was the same amount that the court found Bender owed to landlord for past due rent and deposit.
The measure of damages for conversion is the fair market value of the property at the time and place of its conversion. Universal Underwriters v. Bob Burnham, Inc., 408 So.2d 1010, 1015 (Miss. 1982). This Court has stated that when a trial judge sits without a jury, the judge has the sole authority to determine credibility of witnesses. Rice Researchers, Inc., v. Hiter, 512 So.2d 1259, 1265 (Miss. 1987). Where a circuit judge sits without a jury, the Supreme Court must affirm his judgment unless the trial court was manifestly wrong.
After reviewing the record, there is nothing to indicate that the trial judge was manifestly wrong in his damage assessment for conversion. As the trier of fact, the trial judge determined the value of items that he believed to be in the trailer. The Court finds this assignment of error to be without merit.

CONCLUSION
This Court reverses the lower court's finding that Bender was not wrongfully evicted. We leave to the lower court to determine whether or not Bender suffered any damages from this wrongful eviction. We affirm the lower court's conversion damage assessment. Accordingly, the Court affirms in part and reverses in part.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
NOTES
[1] The statute provides that "[s]uch lien shall be subject to all prior liens or other security interests perfected according to law."