# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-CA-00649-SCT

*GERALD RHODES f/d/b/a GERALD RHODES BONDING*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 5/31/94 |
| TRIAL JUDGE: | HON. |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RAYMOND WONG |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WANYE SNUGGS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 4/3/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

This bond forfeiture case arises from the burglary indictment of Vincent Peterson by the Sunflower County Circuit Court. An appearance bond was posted for Peterson in the amount of $1,500, with Gerald Rhodes (d/b/a Gerald Rhodes Bonding) as surety. Peterson was scheduled to appear February 8, 1993, but failed to do so, and a writ of scire facias was issued. A final judgment was rendered June 14, 1993, ordering the forfeiture of the $1,500 bond.

On December 13, 1993, Rhodes filed an "APPLICATION FOR REMISSION OF BOND AND/OR VACATING FINAL JUDGMENT". Rhodes alleged that defendant Peterson was incarcerated in Illinois and that a "hold order" was sent to the Illinois authorities April 28, 1993, to return the defendant to Mississippi upon his release.

A hearing was held on Rhodes' motion for remission in this and several other cases on February 28, 1994. Hallie Gail Bridges, Assistant District Attorney for the Fourth Circuit Court District, testified that she was currently working two cases involving defendant Peterson -- a capital murder charge and the burglary charge *sub judice*. Bridges understood that Peterson was in custody in Illinois. Bridges had requested Peterson's extradition on the capital murder charge, but she did not know whether a detainer had been lodged. Extradition had not been requested on the burglary charge. The trial judge denied Rhodes' petition for remission of bond.

Rhodes later satisfied the $1,500 judgment March 1, 1994. On May 25, 1994, he requested a refund of that bond, which was denied. Rhodes appeals and raises the following issues for consideration by this Court:

**I. Whether the trial court was without jurisdiction to enter the final judgment on the bail bond forfeiture in that the surety, Gerald Rhodes, had not been personally served with the scire facias?**

**II. Whether the trial court abused its discretion in not remitting to the surety the amount of the forfeited bond less a just and proper amount pursuant to the statute?**

Rhodes first argues that the writ of scire facias was not served on him, and, therefore, the trial court did not have jurisdiction. However, this issue was not raised at the trial level and its consideration, therefore, is precluded on appeal. ***Bender v. North Meridian Mobile Home Park***, 636 So. 2d 385, 389 (Miss. 1994); ***Young v. Huron Smith Oil Co., Inc.***, 564 So. 2d 36, 39 (Miss. 1990); M.R.C.P. 12(h)(1).

Rhodes next argues that the trial court erred by declining to remit the amount of the forfeited bond in accordance with Miss. Code Ann. § 83-39-7, which provides as follows:

> In the event of a final judgment of forfeiture of any bail bond written under the provisions of this chapter, the amount of money so forfeited by the final judgment of the proper court, less all accrued court costs and excluding any interest charges or attorney's fees, shall be refunded to the bail bondsman or his insurance company upon proper showing to the court as to which is entitled to same, provided the defendant in such cases is returned to the sheriff of the county to which the original bail bond was returnable within twelve (12) months of the date of such final judgment, or proof made of incarceration of the defendant in another jurisdiction, and that "hold order" has been placed upon said defendant for return of said defendant to said sheriff upon release from the other jurisdiction, then bond forfeiture shall be stayed and remission made upon petition to the court, in the amount found in the court's discretion to be just and proper.

Miss. Code Ann. § 83-39-7 (Supp. 1991).

The statute mandates a remission of the forfeited money where the defendant is incarcerated in another jurisdiction and a hold order has been placed upon that defendant upon release from the other jurisdiction. However, there is no way to tell from this record whether the statutory dictates are applicable in this case. That is, there is no sworn evidence that the necessary hold order was placed on Peterson. Furthermore, the trial judge found that Peterson was incarcerated in Illinois, but did not make any finding as to the existence of the necessary hold order.

With respect to issues of fact where the trial judge made no specific findings, but where a determination of such issue was arguably necessary to the ultimate resolution of the case, we are required by our prior decisions and by sound institutional considerations to proceed on the assumption that the trial judge resolved all such fact issues in favor of the appellee.

* * *

We review these presumed findings under the clearly erroneous standard by viewing the evidence in the light most favorable to the appellee.

*Dynasteel Corporation v. Aztec Industries, Inc.*, 611 So. 2d 977, 981. Given the lack of sworn evidence regarding the hold order in this case, the trial judge's ruling was not clearly erroneous. Therefore, the issues raised by Rhodes on appeal are without merit, and the judgment of the trial court is affirmed.

**JUDGMENT IS AFFIRMED.**

**PITTMAN, ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., SULLIVAN, P.J., AND McRAE, J.**

 

**BANKS, JUSTICE, DISSENTING:**

I cannot agree with the majority that bail bond forfeiture should not be remitted where the subject is incarcerated in another state with a "hold" order from this state on a separate crime, simply because the state has failed to place a "hold" on the subject for the crime involved in the bail bond forfeiture. The record reflects a transmission from the Illinois Department of Corrections to the effect that a "hold" had been received on Peterson from the Sunflower County Sheriff's office on the charge here involved. To the extent that any more is required, it is wholly within the hands of the state. In my view, under the statute, Miss. Code Ann. § 83-39-7 (1972), Rhodes is entitled to remission less costs.

**LEE, C.J., SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**