## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 94-CA-00852-SCT

*IN THE MATTER OF THE HEIRS AT LAW AND*
*NEXT OF KIN OF CHRISTOPHER Q. JAMES, SR:*
*SHATERICAL N. E. RICHARDS*

*v.*

*VICTORIA D. JAMES, DANESHA R. JAMES,*
*CHRISTAL Q. JAMES, AND CHRISTOPHER Q.*
*JAMES, JR.*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/94 |
| TRIAL JUDGE: | HON. NATHAN P. ADAMS JR. |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | W. NOEL HARRIS |
| ATTORNEYS FOR APPELLEES: | JOE M. BUCHANAN |
| | MARTIN A. KILPATRICK |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 2/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

After a July 27, 1994 hearing on a Petition for Determination of Heirs at Law and Next of Kin, the Chancery Court of Sunflower County found Shaterical N. E. Richards to be the illegitimate daughter of Christopher Q. James, Sr., deceased. However, the court found that Richards did not file her petition within one year of James's death as prescribed by Miss. Code Ann. § 91-1-15 (1972), and thus was barred from claiming her share of her father's estate. Aggrieved by said judgment, Richards appeals to this Court, assigning as error the following issue:

> **Whether the one year statute of limitations provided by Miss. Code Ann. § 91-1-15 (1972) violates Richards's due process and equal protection rights under the Fourteenth**

**Amendment to the U.S. Constitution.**

## FACTS

Christopher Q. James, Sr. ("Decedent") was married to Victoria D. James, of which union three children were born, including Danesha, Christal and Christopher, Jr. Decedent also had a child, Shaterical N.E. Richards, born out of wedlock with Bridgette Richards. All of the children were minors at the time of the proceedings in question.

Decedent was serving as a Lance Corporal in the U.S. Marine Corps at Camp LeJeune, North Carolina, when on or about March 20, 1992, he died as a result of gunshot wounds. Incident to his service, he was covered by Prudential Insurance Co. ("Prudential") with a Servicemen's Group Life Insurance policy in the amount of $100,000, naming Victoria James as the principal beneficiary with no contingent beneficiaries. On or about November 24, 1993, Prudential interpled the proceeds in the U.S. District Court for the Northern District of Mississippi, alleging that Victoria James may have caused or otherwise participated in Decedent's death. The Complaint and Interpleader named as respondents all persons known by Prudential to have potential claims to the aforesaid policy proceeds as heirs of Decedent.

On July 21, 1994, the three children born of Decedent and Victoria James filed in the Chancery Court of Sunflower County a Petition for Determination of Heirs at Law and Next of Kin, in which petition Shaterical Richards joined on July 26, 1994. After a hearing on July 27, 1994, the chancellor determined Victoria James and her three children by Decedent to be the sole heirs at law and next of kin of Decedent for purposes of intestate succession. Finding that Decedent's illegitimate child, Shaterical Richards, did not file her claim of inheritance within one year of Decedent's death, the chancellor held that her claim was barred by the statute of limitations prescribed by Miss. Code Ann. § 91-1-15 (1972).

## DISCUSSION

Neither in her petition nor at trial did the appellant Shaterical Richards challenge the constitutionality of Miss. Code Ann. § 91-1-15 (1972). This Court has consistently held that issues raised for the first time on appeal will not be considered, especially where constitutional questions are concerned. *Ellis v. Ellis*, 651 So. 2d 1068, 1073 (Miss. 1995); *Bender v. North Meridian Mobile Home Park*, 636 So. 2d 385, 389 (Miss. 1994); *Patterson v. State*, 594 So. 2d 606, 609 (Miss. 1992); *Contreras v. State*, 445 So. 2d 543, 544 (Miss. 1984). We accordingly decline to consider Richards's constitutional challenge in this appeal.

This being Richards's only assignment of error, we affirm the chancery court ruling below.

**AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**