HUSTON v. KING.

[80 South. 779, Division A.]

1. RECEIVERS. *Decedent's estate. Misconduct of personal representative.*

Our statutes contemplate that the estate of a decedent shall be administered by an executor or administrator, and not by a receiver. If an executor or administrator is derelict in his duty, the remedy is to have him either disciplined by the court or discharged and another appointed.

2. PARTNERSHIP. *Surviving partner as administrator. Receiver.*

Where a surviving partner who was administering on the partnership estate of a deceased partner, refused to obey the order of the court appointing a receiver and directing him to turn over to such receiver all property in his hands belonging to the estate

of the decedent. In such case, the surviving partner is not entitled to damages because of the appointment of the receiver since while such order was erroneous, it was not void, and until it was revoked, it should have been obeyed by all parties affected thereby.

3. PARTNERSHIP. *Appointment of receiver. Administrator of surviving partner.*

The effect of the order appointing a receiver made before the receiver was permitted to enter upon the discharge of his duties suspending his powers until the administrator could be heard in opposition to his appointment, rendered the procedure herein equivalent to that contemplated by section 625, Code 1896 (Hemingway's Code, section 385), which provides for the appointment of a receiver after notice, to the opposing party.

4. APPEAL AND ERROR. *Review. Questions presented.*

A question is not presented on appeal for review where the court below was not requested to act on such question.

5. APPEAL AND ERROR. *Review. Subsequent orders.*

On an appeal from an order of court discharging a receiver and awarding damages, a subsequent order of the court cannot be reviewed on appeal.

APPEAL from the chancery court of Neshoba county. HON. A. Y. WOODWARD, Chancellor.

Suit by H. A. Huston, administrator of the estate of A. M. Byrd, against J. D. King, administrator of the interest of A. M. Byrd, deceased, in the partnership property of King & Byrd. From a decree denying the relief sought, and awarding damages, to defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*J. N. Flowers, G. E. Wilson* and *Byrd & Byrd,* for appellant.

*O. A. Luckett,* for appellee.

SMITH C. J., delivered the opinion of the court.

We have not undertaken to determine the truth of the charges made by the appellant against King for

the reason that the petition prayed for King's removal as administrator, and for the appointment of a receiver to wind up the estate, which prayer should not have been granted even if the charges made against King are true, for the reason that our statutes contemplate that the estate of a decedent shall be administered by an executor or administrator, and not by a receiver. If an executor or administrator is derelict in his duty, the remedy is to have him either disciplined by the court or discharged and another appointed.

No damages, however, should have been allowed King when the order appointing the receiver was revoked for two reasons: First, King declined to obey the order of the court appointing the receiver and directing him to turn over to the receiver all of the property in his hands belonging to the estate of the decedent, for, while the court erred in appointing the receiver, its order so doing was not void, and until it was revoked it should have been obeyed by all parties affected thereby, so that, instead of being allowed damages because of the making of the order appointing the receiver, King should have been punished for disobeying it; second, the effect of the order made before the receiver was permitted to enter upon the discharge of his duties suspending his powers until King could be heard in opposition to his appointment, rendered the procedure herein equivalent to that contemplated by section 625, Code of 1906, Hemingway's Code, section 385, which provides for the appointment of a receiver after notice to the opposing party.

The contention of the appellant that, when the court below removed King as administrator of the partnership estate, it should have directed all of the property in his hands belonging to the decedent, or in which he was interested, to be turned over to the appellant, is not presented to us by this record for two reasons: First, the court below was not requested by the appellant so to do; and, second, the order was entered by

the court of its own motion after it had discharged the receiver and dismissed the appellant's petition, and the appeal bond herein and the citation to this court refer only to the order discharging the receiver and awarding damages to King.

The decree of the court below, in so far as it awards damages to King, will be reversed, and his claim therefor will be dismissed; but in all other respects will be affirmed.

*Affirmed in part and reversed in part.*