MARIE L. ALLEN, Administratrix, v. ANNIE H. ALLEN.

150 So. 237.
Division A.
Opinion Filed August 9, 1933.
Petition for Rehearing Denied October 2, 1933.

*A. C. Brooks* and *S. S. Sandford,* for Appellant;

*Chancey & Thomas* and *Thomas Quinby,* for Appellee.

PER CURIAM.—In September, 1929, Annie H. Allen was divorced from Ben Hill Allen. The decree for divorce carried alimony in the sum of $100 per month. About the time

the decree of divorce was granted, Ben Hill Allen executed his note and agreement to Annie H. Allen agreeing to pay her alimony in the sum of $100 per month during her natural life or so long as she remained unmarried. The note and agreement also provided that in the event of the death of Ben Hill Allen before the death of Annie H. Allen, his heirs, executors, and administrators should pay said alimony.

In March, 1931, Ben Hill Allen died, but prior to his death he had married Marie L. Allen, the appellant herein. He paid all claims for alimony due Annie H. Allen as per terms of his agreement up to his death but no part of said alimony has been paid by his administratrix, Marie L. Allen. In April, 1931, Annie H. Allen filed her claim in the probate court of Hillsborough County for alimony and later she filed another claim in the same court for $35,000, money alleged to have been advanced to Ben Hill Allen during their coverture.

In May, 1932, Annie H. Allen filed her bill of complaint against Marie L. Allen, alleging among others the foregoing facts, the appointment of Marie L. Allen as administratrix of the estate of Ben Hill Allen, her mismanagement and dissipation of said estate, and prayer for her removal and the appointment of a receiver to take charge of and manage said estate pending the disposition of said cause. The prayer for a receiver was granted and this appeal is from that order. In December, 1932, this Court entered its order under Section 5 of Article V of the Constitution of Florida restraining the plaintiff and the receiver from taking any steps or exercising any authority whatever, pursuant to the order of the court below, with respect to the property involved, until further ordered by this Court.

The sole assignment of error is that the court below erred in appointing a receiver. The receiver was appointed on

the showing that the estate was being maladministrated and converted wrongfully to the use of the administratrix.

The pith of appellant's predicate for error is that the administratrix was the sole heir of Ben Hill Allen, that the claim of appellee for $35,000, money advanced to Ben Hill Allen, was barred by estoppel, and that appellee's claim for alimony is void because the contract therefor was made in aid of divorce.

It is competent to appoint a receiver for the estate of a decedent when the administrator is guilty of waste, misuse of assets, or misconduct in its management. 53 C. J. Sec. 27, page 43, note 37, and cases there cited. It is also settled law that in cases involving the administration of estates, courts of equity have concurrent jurisdiction with courts of law. Ritch v. Bellamy, 14 Fla. 537; Sanderson v. Sanderson, 17 Fla. 820; Deans v. Wilcoxson, 25 Fla. 980, 7 So. 163; Benedict v. Wilmarth, 46 Fla. 535, 35 So. 84, 4 Ann. Cas. 1033; Opitz v. Morgan, 68 Fla. 469, 67 So. 67; First Trust and Savings Bank v. Henderson, 101 Fla. 1437, 136 So. 370; Cole v. Cole, 106 Fla. 226, 143 So. 235. We are not unmindful of the holding in some jurisdictions to the effect that estates should not be administered through a receiver but such holdings are controlled by statute and do not influence the case at bar. Huston v. King, 119 Miss. 347, 80 So. 779.

It is the law that agreements to facilitate or promote divorce are illegal as contrary to public policy. Gallemore v. Gallemore, 94 Fla. 516, 114 So. 371. Agreements to facilitate or promote divorce have reference to such agreements as those withdrawing opposition to the divorce or not to contest it or to cancel the true cause thereof by alleging another. They have no reference to *bona fide* agreements relating to alimony or the adjustment of prop-

erty rights between husband and wife, though in contemplation of·divorce if they are not directly conducive to the procurement of it.

For all the record shows, the agreement brought in question was of the latter class and if so it may be enforced. As a general rule the obligation to pay alimony dies with the person but agreements of the husband to bind his representatives to do this have been upheld and there is no prohibition against them in this State. 19 C. J. Sec. 279, Section 635, page 279; Storey v. Storey, 125 Ill. 608, 18 N. E. 329; Miller v. Miller, 64 Me. 484; Barnes v. Klug, 129 N. Y. App. Div. 192, 133 N. Y. S. 325; Fleming v. Peterson, 167 Ill. 465, 47 N. E. 755; Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236.

We express no opinion as to the claim for $35,000, money advanced by Annie H. Allen to Ben Hill Allen during their coverture except to say that the pleadings as cast do not make a case on this point. We do not deem it essential to discuss other questions raised by appellant though they have been examined by us.

It follows that the judgment appealed from is affirmed and the order of this Court entered in December, 1932, under Section 5 of Article V of the Constitution is continued in effect pending the final disposition of the appeal.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

## ON PETITION FOR REHEARING.

TERRELL, J.—On petition for rehearing in this cause it is pointed out that the appellant has posted a bond with the Probate Court of Hillsborough County to protect the claim of appellee if it should ultimately be reduced to judgment and in addition to such bond the real estate in controversy

is valued at a considerable sum which is also subject to appellee's claim.

If these allegations are correct it would not seem necessary to continue in effect the receivership and the order of this Court entered in December, 1932, under Section 5 of Article V of the Constitution. The last named writ is therefore dissolved and the cause remanded to the court below to make such order in the premises as he may deem advisable and sufficient to protect the claim of appellee.

The petition for rehearing is denied.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.