EDWIN BIRD KING v. BLANCHE DUKE.

175 So. 528.
Opinion Filed June 29, 1937.

742

C. E. *Farrington,* for Appellant;

C. L. *Chancey* and J. T. *Chancey,* for Appellee.

PER CURIAM.—The appeal is from order sustaining motion to strike part of answer to a bill of complaint seeking to foreclose an alleged lien created by agreement and stipulation embraced in a property and alimony settlement incident to divorce proceedings.

The portions of the answer stricken were as follows:

"But this Defendant says that the agreement to pay the $10,000.00 by Defendant to Complainant as set forth in said Stipulations, was made without valid consideration; was made to facilitate and promote the obtaining of a divorce from the bonds of matrimony then existing between

the parties to said suit. That said Stipulations were made contemporaneous with an oral agreement that Defendant would not contest Plaintiff's said suit, and were made contemporaneous and conditioned upon Plaintiff obtaining a divorce in said suit, and not otherwise, and were and are void and not enforceable against the parties thereto, or either of them."

"But it is not true as alleged in said paragraph that this court approved and ratified the said agreement contained in said stipulation whereby the defendant Edwin Bird King agreed to pay to the Complainant the sum of $10,000.00."

The order appealed from should be and is affirmed on authority of the opinions and judgments in Gallemore v. Gallemore, 94 Fla. 516, 114 Sou. Rep. 371, and Allen v. Allen, 111 Fla. 733, 150 Sou. 237. This disposition must be proper because the record shows that in the divorce proceeding the wife was complainant and charged the defendant with cruel and inhuman treatment and adultery. The suit was filed on the 1st day of October, 1924, and complainant prayed for a decree granting her the custody of the child of the parties, and for suit money, alimony and money to support the child. The stipulation was entered into after the institution of the suit. It was signed by the parties and presented to the Court as a basis for awarding a settlement of all claims of the complainant against the defendant for suit money, alimony and money to support the child of the parties.

The record shows that the Chancellor wrote the terms of the stipulation into the final decree. The final decree became absolute by the running of time and on the 23rd day of November, 1927, complainant filed her bill of complaint to foreclose the lien impressed upon certain described property by the terms of the final decree in the divorce proceeding in accordance with the terms of the stipulation between

the parties in that regard. The stricken parts of the answer contradict the record of which the Court takes judicial cognizance and seek to collaterally attack a final decree which has become absolute. Aside from this, the allegations of the stricken portions of the answer did not set up sufficient facts to show fraud or illegality in the procuring either of the stipulation or of the final decree.

The record affirmatively shows that in consideration of the obligations assumed by the defendant in the agreement and stipulation the complainant agreed:

"In the event a decree of divorce is granted in this cause, the parties hereto agree that the Court shall decree the custody of said child as hereinabove provided for, and shall decree the payment of the moneys hereinabove agreed to be paid by said defendant, in lieu of all attorney's fees, alimony and money for the support of said child, which the complainant might without entering into this stipulation be or have been entitled to recover from or out of said defendant."

In view of the state of the record, the defendant cannot at this late day be heard to defend this suit upon the grounds upon which he attempts to stand as shown by the stricken portions of the answer.

The order appealed from is affirmed.

ELLIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

· Mr. Justice DAVIS concurred in the foregoing opinion.