I.
Kenneth Patterson, a prisoner presently incarcerated in the South Mississippi Correctional Institution at Leakesville, prosecutes this direct appeal from an order issued on May 24, 1991, by the Circuit Court of Lamar County summarily dismissing as time-barred his pro se "Motion To Vacate Guilty Plea" filed on May 10, 1991. The specific target of Patterson's post-conviction motion to vacate was a plea of guilty to armed robbery entered in Lamar County on November 28, 1983. We affirm the circuit court's denial of Patterson's motion to vacate his plea of guilty.
 II.
On November 28, 1983, Patterson, upon the advice and with the consent of his attorney, entered a plea of guilty in Lamar County to armed robbery. On December 5, 1983, in the wake of a presentence investigation, Patterson was sentenced to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections. This sentence was to run concurrently with a previous sentence that Patterson was serving at that time. By virtue of Miss. Code Ann. § 47-7-3(d) Patterson would not be eligible for parole until he had served ten (10) years of the sentence imposed.
On May 10, 1991, over seven (7) years after the entry of his 1983 plea of guilty, *Page 607 
Patterson, following his transfer in March of 1991 to the South Mississippi Correctional Institution, filed in the Circuit Court of Lamar County a "Motion To Vacate Guilty Plea" claiming his plea was involuntary because (1) neither his lawyer nor the trial judge ever informed him of the maximum and minimum sentence for armed robbery and (2) the mandatory portion of his sentence was imposed in violation of the circuit court's sentencing authority.
On May 24, 1991, the circuit judge who had entertained Patterson's plea of guilty in 1983 entered an order summarily denying the motion to vacate on the ground it clearly was time-barred by the three (3) year statute of limitations contained in the Mississippi Uniform Post-Conviction Collateral Relief Act. Accordingly, the court held ". . . that it plainly appears on the face of the motion and prior proceedings in the case . . . that the movant is not entitled to any relief . . ."
In his direct appeal to this Court Patterson suggests (1) the time bar contained in the post-conviction collateral relief act is unconstitutional but (2) even if it is not the time bar is inapplicable to his case because the foundation for his claim of involuntariness falls within the intervening decision exception contained in the post-conviction collateral relief act.
 III. A. Time Bar
Patterson's motion was time-barred by virtue of the three (3) year statute of limitations set forth in § 99-39-5(2), Mississippi Code 1972 Annotated (Supp. 1991). The judgment of conviction of armed robbery and sentence of twenty (20) years, which was based upon a plea of guilty, was entered on November 28, 1983. The present motion to vacate assailing that conviction and sentence was filed with the clerk on May 10, 1991.
Section 99-39-5(2), supra, identifies, in plain and ordinary English, the time limitations for motions to vacate guilty pleas. It reads as follows:
 (2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. [emphasis supplied]
The post-conviction relief act applies prospectively from its date of enactment, April 17, 1984. Individuals such as Kenneth Patterson who entered a plea of guilty prior to April 17, 1984, ". . . have three (3) years from April 17, 1984, to file their petition for post-conviction relief." Odom v. State,483 So.2d 343, 344 (Miss. 1986). See also Freelon v. State,569 So.2d 1168, 1169 (Miss. 1990); Jackson v. State, 506 So.2d 994 (Miss. 1987).
In Odom, supra, we find the following language supporting these observations:
 * * * * * This act applies prospectively from its date of enactment, April 17, 1984. Individuals convicted prior to April 17, 1984, have three (3) years from April 17, 1984, to file their petition for post-conviction relief. * * * * *
 Odom entered his plea of guilty on December 19, 1978 prior to the enactment of § 99-39-5. Therefore, he had *Page 608 three (3) years from April 17, 1984, the date of its enactment, to file his petition. 483 So.2d at 344-45 [emphasis supplied]
Patterson, much like Odom, entered his plea of guilty on November 28, 1983, prior to the enactment of the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). He had three (3) years from April 17, 1984, the date of enactment, to file his motion to vacate in the trial court. Consequently, the deadline for Patterson's post-conviction papers was April 17, 1987.
His complaint, however, was not filed until May 10, 1991, more than four (4) years after the time for assailing his guilty plea had expired. This was excruciatingly tardy and, in fact, too late. Since Patterson's claim did not involve the deprivation of a fundamental constitutional right, the old adage that "it's better late than never" does not apply here.
 B. Intervening Decision Exception to Time Bar
Excepted from the three year statute of limitations are those cases in which the prisoner can demonstrate that there has been an intervening decision of the supreme court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence.See Miss. Code Ann. § 99-39-5(2) and § 99-39-23(6) (Supp. 1991). Patterson contends that Vittitoe v. State,556 So.2d 1062 (Miss. 1990), and Schmitt v. State, 560 So.2d 148 (Miss. 1990), qualify under this exception and operate to excuse his procedural default.
One of the claims contained in Patterson's "Motion To Vacate Guilty Plea" filed in the lower court was that his 1983 plea of guilty to armed robbery, a conviction for which he received twenty (20) years, was involuntary because he was not advised, and did not know, the maximum or the mandatory minimum penalty for the offense. To be sure, the transcript of the plea-qualification hearing, while containing references to the reading by the defendant of the prosecutor's recommendation and the filing by Patterson of the defendant's position on sentencing, does not affirmatively reflect that Patterson was so advised.
While it may appear, given the contours of our holding inVittitoe, that Patterson has a facially viable post-conviction claim, his claim, whether meritorious or not, is time-barred by virtue of § 99-39-5(2). It will not be reviewed by this Court absent a finding the claim is embraced by the statutory exceptions.
Patterson states in his appellate brief he ". . . is not barred by the three year statute of limitations in that [his] claims for relief arose subsequent to the recent decisions rendered by this . . . Court in Vittitoe . . . and Schmitt . . ." According to Patterson "[t]he language of the Post Conviction Relief Act has operated to bar defendant from asserting claims which he only became aware of because of the recent rulings by this . . . Court."
We are sympathetic but not persuaded. Our decision inVittitoe is based on the failure of the trial court to follow the mandates of Miss.Unif.Crim.R.Cir.Ct.Prac. 3.03 (1979).Vittitoe does not qualify under the intervening decision exception because this exception applies only to those decisions that create new intervening rules, rights, or claims that did not exist at the time of the prisoner's conviction or during the three (3) year period circumscribed by the statute of limitations.
Far from creating a new rule, right, or claim, Vittitoe
simply recognized and applied a pre-existing rule, a rule that had been in existence for at least four years when Patterson entered his 1983 plea of guilty in Lamar County.[1] Stated differently, the requirements of Rule 3.03 existed at the time Patterson entered his plea. The rule was just as available to him between *Page 609 
November 28, 1983, and April 17, 1987, as it was to Joseph Vittitoe between May 31, 1983, when Vittitoe, a first offender, entered his plea, and November 9, 1984, when Vittitoe, unlike Patterson, filed a timely motion for post-conviction collateral relief.
Patterson's reliance upon Rule 3.03 is reflected in paragraph IV.(a) and paragraph VI.(1)(c) of his motion to vacate guilty plea. Indeed, Patterson, a six (6) time felony offender with a twelfth grade education, freely admits in his reply brief "that these settled principles were in place before he entered his plea in 1983."
Since Patterson's motion was filed well beyond the three (3) year statute of limitations, and because Vittitoe is not an "intervening decision" within the meaning and purview of the statute, the trial judge was correct in overruling the prisoner's motion to vacate guilty plea on the basis of a procedural default.
 C. Constitutionality of Post-Conviction Relief Act
Patterson, citing Reynolds v. State, 521 So.2d 914 (Miss. 1988), asserts, for the first time, "[t]he Post Conviction Relief Act is unconstitutional and unenforceable because it constitutes a suspension of the writ of habeas corpus in violation o[f] Miss. Const. Art. 3, § 21 (1890), ther[e]by depriving defendant of due process and equal protection of the law."
Neither this claim nor argument in support thereof was made in the lower court. Patterson's "Motion To Vacate Guilty Plea" is devoid of any rhetoric aimed at the constitutionality of the post-conviction relief act or at the constitutional vitality of the time bar(s) found within its four corners. Patterson obviously contemplated the State would assert the time bar as a defense since the brief filed in support of his motion to vacate guilty plea claims ". . . that this procedural bar cannot apply in this cause where an individual's fundamental constitutional rights are violated as in this case."
It is clear that Patterson's constitutional claims, which appear only on the pages of the briefs filed in this Court, have been raised for the very first time here. We have repeatedly held, however, that "[o]nly matters of jurisdiction may be raised for the first time on appeal." Colburn v. State,431 So.2d 1111, 1114 (Miss. 1983) citing Williamson v. State,330 So.2d 272 (Miss. 1976). See also Jefferson v. State, 386 So.2d 200, 202 (Miss. 1980) ["It is elemental that errors cannot be raised in this Court for the first time on appeal."]; Ponder v. State,335 So.2d 885, 886 (Miss. 1976) ["A trial judge cannot be put in error on a matter which was not presented to him for decision."]
These rules apply to our review of appeals involving collateral attacks originating in the lower court as well as our review of convictions flowing in the wake of direct appeal. In Leverett v.State, 197 So.2d 889, 890 (Miss. 1967), this Court, quoting fromCollins v. State, 173 Miss. 179, 180, 159 So. 865 (1935) held:
 The Supreme Court is a court of appeals, it has no original jurisdiction; it can only try questions that have been tried and passed upon by the court from which the appeal is taken. Whatever remedy appellant has is in the trial court, not in this court. This court can only pass on the question after the trial court has done so. 197 So.2d at 890.
The rule that questions not raised in the lower court will not be reviewed on appeal is particularly true where constitutional questions are involved. Stewart v. City of Pascagoula,206 So.2d 325 (Miss. 1968). These questions are waived — forfeited, if you please — if not asserted at the trial level. Contreras v.State, 445 So.2d 543, 544 (Miss. 1984) [Appellant did not raise in lower court the constitutionality of statute proscribing crime against nature, and for that reason the question could not be considered on appeal]; Colburn v. State, supra, 431 So.2d 1111, 1113 (Miss. 1983) [Constitutionality of aggravated assault statute could not be considered for the first time on appeal];Smith v. State, 430 So.2d 406, 407 (Miss. 1983) [Constitutional argument not asserted in court below was waived and could not be asserted in Supreme Court]. *Page 610 
Patterson, by failing to attack the constitutionality of the post-conviction relief act in the lower court, waived any error in this regard and cannot now seek reversal of the trial court's ruling in this Court.
DENIAL OF MOTION TO VACATE GUILTY PLEA, AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.
[1] The requirement found in Rule 3.03(3)(B) that the accused be informed of the maximum and minimum penalties provided by law has existed at least since 1979 when the uniform rules, which were promulgated and published by the circuit judges in 1977, were first approved by this Court.