## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00419-SCT

*PHILLIP THRASHER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/07/96 |
| TRIAL JUDGE: | HON. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | DAVID L. ROBINSON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 10/16/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/6/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

On May 9, 1996, the Circuit Court of Union County dismissed Phillip Thrasher's Motion to Modify and/or Correct Sentence. Aggrieved, Thrasher appeals to this Court, assigning as error the following issue:

**WHETHER THE CIRCUIT COURT ERRED IN SUMMARILY DISMISSING THRASHER'S MOTION TO MODIFY AND/OR CORRECT SENTENCE.**

### FACTS

While serving an eighteen-year sentence in the Mississippi Department of Corrections for multiple

offenses committed in Tishomingo County, Mississippi, Phillip Thrasher committed several crimes in Union County, Mississippi.[1] On August 26, 1993, Thrasher was indicted in the Circuit Court of Union County on two counts of burglary of a dwelling, to which charges he pleaded guilty. At his guilty plea hearing on March 13, 1995, after the circuit court determined that his guilty plea was knowingly, intelligently and voluntarily made, the following exchange occurred:

> BY THE COURT: Does the State have a recommendation as to Mr. Thrasher?
>
> BY MR. ROBINSON: Your Honor, it's my understanding Mr. Thrasher is currently serving a term of 18 years. He's got charges against him in two cause numbers here in Union County. We recommend to the Court a ten-year sentence in 93-133, an eight-year sentence in 93-134 consecutive. That would give him eighteen years in Union County, but run that concurrent with the time he is currently serving now; and, of course, he's given credit for the time served since he's been incarcerated.
>
> BY THE COURT: I'm going to accept the recommendation of the State; and Mr. Phillip Thrasher, I hereby sentence you to serve a term of 10 years in an institution to be designated by the Mississippi Department of Corrections in cause number 93-133 and a term of eight years in cause number 93-134. These will run consecutive, but they will run concurrent with the sentence you are now serving from -- is it Tishomingo County?
>
> BY MR. THRASHER: Yes, sir, eighteen year sentence. That time that I get now, is it back dated?
>
> BY MR. ROBINSON: Yes, sir.
>
> BY THE COURT: And you'll be credited for the time served.
>
> BY MR. THRASHER: Thank you, sir.

The Judgment of the Court, entered the same day, ordered the aforementioned sentence, but did not indicate credit for time served in jail while awaiting disposition of the charges. Likewise, the court's "Prisoner Commitment Notice" to the Mississippi Department of Corrections indicated that the date of sentence was March 13, 1995, and did not indicate credit for time served.

On July 25, 1995, Thrasher filed in the circuit court a Motion to Modify and/or Correct Sentence. He argued that contrary to what the judge told him at his guilty plea and sentencing hearing, he was not given credit for time served on his Tishomingo County sentence. He requested that new commitment papers be sent to the MDOC reflecting credit for time served on his original eighteen-year sentence which began on November 11, 1987. On May 9, 1996, the circuit court dismissed Thrasher's motion, finding that it was manifest that he was not entitled to any relief.

## DISCUSSION

Thrasher argues that his sentence should be corrected so as to reflect the credit for time served ordered by the judge at his guilty plea and sentencing hearing or, in the alternative, that his conviction and sentence should be vacated on the ground that his guilty plea was not voluntary, since he was led to believe that he would be given credit for time served on his original eighteen-year sentence.

Thrasher made no argument regarding the voluntariness of his guilty plea in his motion for post conviction relief, and he may not raise this issue for the first time on appeal. *Patterson v. State*, 594 So. 2d 606, 609 (Miss. 1992); *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988). Thrasher may be entitled to some relief, however, regarding the modification and/or correction of his sentence.

The record clearly reflects that at Thrasher's guilty plea and sentencing hearing, the State recommended that Thrasher be given credit for time served "since he's been incarcerated." The judge accepted the State's recommendation, ordered the sentence and, after a question by Thrasher, emphasized that Thrasher would be given credit for time served. Neither the Judgment of the Court nor the "Prisoner Commitment Notice," however, provided for credit for time served. Miss. Code Ann. § 99-19-23 (1972) provides as follows:

> The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or any sentence finally set after all avenues of appeal are exhausted.

Thrasher is clearly not entitled to credit for time served on his original eighteen-year Tishomingo County sentence which began on November 11, 1987, for he was not then incarcerated "while awaiting trial" on the Union County charges. Nevertheless, the trial judge did proclaim the law of this case when he emphasized that Thrasher would receive credit for time served. Consequently, Thrasher is entitled to receive credit for the time served from the date of his arrest on the Union County charges until the date of his conviction and sentence on those charges.

The record does not reflect, however, the date Thrasher was arrested on the Union County charges, nor does it reflect whether, while awaiting trial on those charges, he was incarcerated "in any municipal or county jail." It is quite possible, since he was already serving an eighteen-year sentence, that Thrasher was incarcerated in the state penitentiary while awaiting trial on the Union County charges, and thus under the statute, he would not be entitled to credit for time served. Thrasher's "Prisoner Commitment Notice," dated March 13, 1995, states that he was "Presently Housed in Parchman," but it does not indicate whether he had been incarcerated there since his arrest on the Union County charges. Because the record reflects neither when Thrasher was arrested on the Union County charges nor where he was thereafter incarcerated, this court reverses and remands to the circuit court for determination of this matter. Upon reaching a determination of when Thrasher was arrested, the trial court shall credit Thrasher with the time that he served between his arrest and guilty plea.

**REVERSED AND REMANDED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**

1. There is no mention in the record of how Thrasher was able to commit the crimes in Union County while serving an eighteen-year sentence, but his "Sentence Computation Data Sheet" shows 188 days

"TIME OUT ON ESCAPE," so perhaps it was during this time that he committed the crimes.