GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Gregory Linson was convicted of selling a controlled substance, cocaine, in violation of Mississippi Code Annotated section 41 — 29—139(a)(1) (Rev.2005). Lin-son was sentenced as a second and subsequent offender under section 41-29-147 (Rev.2005) and a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007), to serve sixty years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. The trial court sentenced Lin-son as a second and subsequent offender based upon his previous conviction of conspiracy to sell a Schedule IV controlled substance. Linson now appeals and argues that the trial court erred when it sentenced him as a second and subsequent offender because conspiracy does not qualify as a prior conviction under section 41-29-147.
 

 ¶ 2. We are presented with a question of statutory interpretation, which is a question of law. Therefore, the standard of review in this case is de novo.
 
 Russell v. Performance Toyota, Inc.,
 
 826 So.2d 719, 721 (¶ 5) (Miss.2002).
 

 ¶ 3. Linson claims that his conviction for the sale of cocaine is not a second or subsequent offense under section 41-29-147 because his prior conviction for conspiracy was not a criminal violation under Article III of the Uniform Controlled Substances Law. The State responds that: (1) Linson is procedurally barred from raising this issue because there was no contemporaneous objection made during the sentencing phase of his trial, nor was it raised in his motion for a new trial, and (2) his sentence is legal.
 

 ¶ 4. First, we recognize that Linson neither raised this issue at trial nor in his motion for a new trial. During the sentencing phase of the trial, the court asked Linson’s counsel the following about Lin-son’s certified order of conviction for conspiracy to sell a controlled substance:
 

 The Court: Mr. Price, any objection to the Court accepting that into evidence on the second subsequent offender?
 

 Mr. Price: Not other, Your Honor, than our earlier stated objection as to the timeliness of the amendment of the indictment.
 

 Linson did not raise this issue in the trial court and presents it for the first time on appeal. Therefore, we find that it is procedurally barred.
 
 Connell v. State,
 
 691
 
 *1212
 
 So.2d 1004, 1007 (Miss.1997);
 
 Patterson v. State,
 
 594 So.2d 606, 609 (Miss.1992).
 

 ¶ 5. Notwithstanding the procedural bar, this issue is without merit. Linson argues that: (1) conspiracy is not a drug crime under 41-29-147, and (2) conspiracy is an inchoate crime and is distinct from the crime contemplated by the conspiracy.
 

 ¶ 6. Mississippi Code Annotated section 41-29-147 reads:
 

 Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
 

 For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.
 

 ¶ 7. Linson argues that the second paragraph of section 41-29-147 sets forth the relevant convictions in
 
 other
 
 jurisdictions which may be considered for the purposes of enhancement. However, section 41-29-147 plainly states that if the offender has at any time prior to this offense been convicted “under any statute ... of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs” then this is a second or subsequent offense. The statute does not say convicted under any statute of any
 
 other
 
 state. Linson’s argument is without merit.
 

 ¶ 8. Linson also argues that conspiracy is a separate and distinct crime from the crime contemplated by the conspiracy. Under section 41-29-147, the prior conviction has to stem from a statute that
 
 relates
 
 to narcotic drugs. Linson was convicted under Mississippi Code Annotated section 97-1-1 (Supp.2008) for conspiracy to sell a Schedule IV controlled substance. By the very nature of conspiracy, there is a conspiracy to commit an act. If that act relates to “narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs,” then conviction under section 97-1-1 relates to “narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs” and can be considered as a sentence enhancement under section 41-29-147. Linson’s argument lacks merit.
 

 ¶ 9. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE AS A HABITUAL OFFENDER OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.