RANDOLPH, Justice,
concurring in part and dissenting in part;
¶ 29. Justice should never yield to expediency, and we ought not rush to judgment based on a perceived notion that we can omnipotently decide a dispute which was never presented to the trial court. Thus, I concur that the ease sub judice should be remanded to the chancery court, however, the doctrine of stare decisis dictates a different disposition when it arrives in the appropriate forum, a trial court. Anyone who desires to claim that Mississippi Code Section 19-9-171 violates Article 8, Section 206, of the Mississippi Constitution should first contest it in a court of original jurisdiction, the chancery court. See Miss. Const, art. 8, § 206; Miss.Code Ann. § 19-9-171 (Rev. 2003). This claim was neither pleaded nor argued before, nor ruled upon by, the chancery court. It was first raised on appeal In no event does the Mississippi Constitution grant .this Court the authority to act as a court of original jurisdiction, save for the limited circumstances prescribed therein. See Miss. Const, art. 6, § 146. Indeed, with all due respect to my learned colleagues, there is no sound basis to depart from both the constitutional limitation and established precedent that this Court will not consider issues raised for the first time on appeal (which represents the collective wisdom of scores of our predecessors, dating back for more *609 than 160 years). See infra ¶¶ 9-11 (providing extensive citation of the time-honored precedent that this Court, as a “court of appeals,” refuses to address issues raised for the first time on appeal and/or will not hold a trial court in error for issues not presented to it). No one legitimately can contend that the rule precluding consideration of an issue first raised on appeal is “pernicious, impractical, or mischievous in its effectf,]” such that stare decisis should not control. Caves v. Yarbrough, 991 So.2d 142, 152 (Miss.2008) (quoting Smith v. State, 889 So.2d 489, 495 (Miss.2003)) (this Court must “find that the law as it stands is pernicious, impractical, or mischievous in its effect and resulted in a detriment to the public in order to modify the law.”).
¶ 30. By abandoning these principles, the majority denies the thousands of citizens represented by the tax collector, assessor, and board of supervisors of Jackson County, and the thousands of students in the Jackson County, Moss Point, and Ocean Springs school districts their collective right to a fair trial with fully developed pleadings, facts, and issues of law.
¶ 31. One glaring issue which lacks development, raised in Jackson County’s “Motion for Summary Judgment” and attachments, is acquiescence (i.e., estoppel, laches, waiver), based upon the “interlocal agreements” first identified in paragraphs 17-18 of the plaintiffs’ Petition for Declaratory Judgment and Injunctive Relief (although not attached thereto). In 1982, Chevron and Jackson County entered into “In Lieu Tax Agreements,” as part of the extension of a lease between Jackson County and the company, in an amount equal to an ad valorem assessment, inter alia. The defendants pleaded that, because the plaintiffs did not challenge the method of distribution of the in lieu tax payments by Chevron (not ad valorem taxes) over the past thirty years, they acquiesced thereto. The plaintiffs responded there was no such acquiescence. The trial court has never ruled upon this contested issue. This issue is quite significant, for even assuming arguendo that Section 19-9-171 is unconstitutional, such a ruling does not ipso jure invalidate the “In Lieu Tax Agreements” or the Jackson County Board of Supervisors’ resolution of how monies received in lieu of ad valorem taxes shall be divided. Today’s decision does not decide that issue, nor does today’s decision prevent the tax collector and assessor from continuing the division of monies received in lieu of ad valorem taxes, as prescribed by the Board of Supervisors. Thus, there is no finality.
¶ 32. Only after such proceedings can the trial court enter a mature judgment, which we may then consider, and either affirm or reverse, in whole or in part. The issue before the chancery court was whether Section 19-9-171 was unconstitutional under Article 4, Section 112, of the Mississippi Constitution. See Miss. Const, art. 4, § 112; Miss.Code Ann. § 19-9-171. If we confine our inquiry to the issues joined and the learned chancellor’s ruling, no error has been discerned by this court of errors and appeals.[14] See, e.g., Dismukes v. Stokes, 41 Miss. 430 (1867) (this Court was originally known as the “High Court of Errors and Appeals of Mississippi”). Therefore, I dissent to the disposition mandated by the majority. Upon remand, the plaintiffs would be able to advance their claim of a Section 206 violation, while the defendants would be able to develop their defenses. Then, after the trial court entered judgment, any dissatisfied party might properly appeal.
*610 FACTS AND PROCEDURAL HISTORY
¶ 33. The record clearly reveals the issue presented to the chancery court for decision. The plaintiffs’ October 6, 2008, Petition for Declaratory Judgment and In-junctive Relief averred time and time again, inter alia, that Section 19-9-171 violated Article 4, Section 112. The petition includes not a single averment or claim based upon an alleged Article 8, Section 206, violation. The evidence submitted to support the plaintiffs’ claim included a November 30, 2009, report of their retained expert, Robert H. Alexander. The report reiterated that the plaintiffs “filed suit against various State and County officials alleging that [Section] 19-9-171 is in violation of Section 112-” No proof or testimony averred a Section 206 violation. The plaintiffs’ Motion for Summary Judgment, filed on March 22, 2010 (nearly one-and-one-half years after their petition was filed), contended, inter alia, that Section 19-9-171 “violates Section 112 of the Mississippi Constitution.” No averment or claim of a Section 206 violation can be found therein. The plaintiffs’ April 5, 2010, Response In Opposition to Defendants’ Motions for Summary Judgment emphatically stated that, “as the Court fully appreciates, the issue at hand is the validity of [Section] 19-9-171 under Section 112 of the Mississippi Constitution .... ” (Emphasis added.) At the May 5, 2010, hearing, plaintiffs’ counsel neither amended their pleadings nor argued a Section 206 violation.[15] At the conclusion of the hearing, the chancellor unambiguously annunciated that:
[t]he question before the Court is whether or not [Section 19-9-171] violates Section 112 of the Mississippi Constitution. The Court finds that it does not, or at least that there is a reasonable doubt that it does not violate the Mississippi Constitution ... Section 112. The burden of proof was on the [Plaintiffs ... to make that showing beyond a reasonable doubt or beyond any reasonable doubt, and the Court is satisfied they’ve not met that burden.
(Emphasis added.) The “Final Judgment” of the chancery court, which granted summary judgment in favor of the defendants, specifically concluded that Section 19-9-171 “does not violate Section 112 of the Mississippi Constitution, or at least there is reasonable doubt....” The chancellor found that the plaintiffs had failed to meet the burden of proof.
¶ 34. On June 4, 2010, consistent with the issues presented for judicial determination, the plaintiffs filed a Notice of Appeal regarding “the Final Judgment entered by the Court .... ” (Emphasis added.) On June 9, 2010, the plaintiffs filed their Designation of the Record on Appeal. It stated that “the issues presented by this appeal” were whether the chancery court, “under the issues presented,” had erred in denying the plaintiffs’ Motion for Summary Judgment and in granting the defendants’ Motion for Summary Judgment, without averment or claim of a Section 206 violation. (Emphasis added.)
¶ 35. Nearly two years after filing their original petition (and nearly three months after filing their Notice of Appeal), the plaintiffs filed a Motion for Stay Pending Appeal on September 3, 2010. The motion sought “a stay of distribution of contested tax revenues to preserve the status quo pending appeal....” The motion reiterated that the plaintiffs had filed notice of appeal “from this Court’s May 2010 judg *611 ment [,]” and inserted the new issue, post-judgment. For the first time, the plaintiffs asserted that the “good grounds for appeal” included that “Section 19-9-171 ... conflicts with Mississippi Constitution of 1890 § 206_” (Emphasis added.) On September 21, 2010, the defendants filed their Response In Opposition to Motion to Stay. Regarding the plaintiffs’ new claim that Section 19-9-171 violates Article 8, Section 206, the defendants stated:
PSD is attempting to raise issues on appeal which were not raised at the trial court. This argument was not asserted in Plaintiffs’ complaint nor was it addressed in any briefings submitted to the trial court. It is hornbook law that claimed errors and legal theories raised for the first time on appeal “will not be considered, especially when constitutional questions are concerned.” Stockstill v. State, 854 So.2d 1017, 1028 (Miss. 2003); In re V.R., 725 So.2d 241, 245 (Miss.1998).... A trial court cannot be placed in error on a matter not presented to it. Southern v. Mississippi State Hosp., 853 So.2d 1212, 1214 (Miss.2003).
On September 24, 2010, the chancery court denied the plaintiffs’ Motion for Stay Pending Appeal. Following that denial, on September 27, 2010, the plaintiffs belatedly noticed the Attorney General, pursuant to Mississippi Rule of Civil Procedure 24(d) and Mississippi Rule of Appellate Procedure 44, providing “that the plaintiffs contend [Section] 19-9-171 is unconstitutional because, among other reasons, it conflicts with the Mississippi Constitution of 1890 § 206.” See Miss. R. Civ. P. 24(d); Miss. RApp. P. 44. On September 30, 2010, the plaintiffs filed a Motion to Reconsider Order Denying Motion to Stay. Attached to that post-judgment motion were, inter alia, an affidavit and fact-related documents regarding the Section 206 issue. In short, nearly four-and-one-half months after final judgment and nearly four months after filing their notice of appeal, the plaintiffs offered new putative facts in support of the unconstitutionality of Section 19-9-171 under Section 206, without any opportunity for the defendants to contest the validity of the newly offered “facts.”[16] Subsequently, the chancery court denied the plaintiffs’ Motion to Reconsider Order Denying Motion to Stay.
¶ 36. On December 15, 2010, the plaintiffs filed a Motion for Stay Pending Appeal in this Court, seeking “that this Court order the Jackson County Tax Collector to hold the money in question, an amount equivalent to 71% of the ad valorem taxes on District 3059, in trust in a separate interest bearing account until final issuance of this Court’s mandate in this appeal.” On January 29, 2011, a panel of this Court entered an Order denying the plaintiffs’ Motion for Stay Pending Appeal.
ANALYSIS
I. The plaintiffs are barred from arguing on appeal that Section 19-9-171 violates Article 8, Section 206 of the Mississippi Constitution.
¶ 37. Article 6, Section 146, of the Mississippi Constitution provides, in pertinent part, that “[t]he Supreme Court shall have such jurisdiction as properly belongs to a court of appeals. ...” Miss. Const. art. 6, § 146 (emphasis added). See also Luther T. Munford, Mississippi Appellate Practice § 1.1 at 1-1 (2010) (“Final appellate jurisdiction in Mississippi rests in the Supreme Court of Mississippi ....”) (emphasis added). This Court has stated that:
*612 [t]he jurisdiction which properly belongs to a court of appeals includes only such as is of a revisory character, and necessarily implies that the matter revised must be a judicial decision, rendered by a tribunal clothed with judicial power. Planters’ Ins. Co. v. Cramer, 47 Miss. 200 [ (1872) ]; Y & M.V.R.R. Co. v. Wallace, 90 Miss. 609, 43 So. 469 [ (1907) ] .... “Judicial decision is the application, by a court of competent jurisdiction, of the law to a state of facts proved, or admitted to be true, and a declaration of the consequences which follow.” Le Blanc v. Railroad Co., 73 Miss. 463, 19 So. 211 [(1896)]....
The rule herein announced has the sanction of the great name of Story, for in Section 1761 of the second volume of the fourth edition of his Commentaries on the Constitution he used this language: “The essential criterion of appellate jurisdiction is that it revises and corrects the proceedings of a cause already instituted, and does not create that cause. In reference to judicial tribunals, an appellate jurisdiction, therefore, necessarily implies that the subject-matter has been already instituted in and acted upon by some other court, whose judgment or proceedings are to be revised.[”]
Illinois Cent. R. Co. v. Dodd, 105 Miss. 23, 61 So. 743, 743-44 (1913) (emphasis added). See also Patterson v. State, 594 So.2d 606, 609 (Miss.1992) (quoting Leverett v. State, 197 So.2d 889, 890 (Miss.1967)) (“The Supreme Court is a court of appeals, it has no original jurisdiction^[17]] it can only try questions that have been tried and passed upon by the court from which the appeal is taken. Whatever remedy appellant has is in the trial court, not in this court. This court can only pass on the question after the trial court has done so.”) (emphasis added); Glenn v. Herring, 415 So.2d 695, 697 (Miss.1982) (“appellate jurisdiction necessarily implies that the subject matter must have been acted upon by the tribunal whose judgment or proceedings are to be reviewed.”); Collins v. State, 173 Miss. 179, 159 So. 865, 865 (1935); Estes v. Memphis & C. Ry. Co., 152 Miss. 814, 119 So. 199, 202 (1928); Black’s Law Dictionary 405 (9th ed. 2009) (an appellate court “has jurisdiction to review decisions of lower courts ... ”).
¶ 38. Consistent with the principle that we are a “court of appeals,” this Court has long stated that we will not address issues raised for the first time on appeal, particularly where constitutional questions are concerned.[18] See Mabus v. Mabus, 890 *613 So.2d 806, 811 (Miss.2003); Stockstill, 854 So.2d at 1023; Southern, 853 So.2d at 1214; Marcum v. Hancock County Sch. Dist. 741 So.2d 234, 238 (Miss.1999); In re V.R., 725 So.2d at 245; Wright v. White, 693 So.2d 898, 903 (Miss.1997), overruled on other grounds by East Mississippi State Hosp. v. Callens, 892 So.2d 800 (Miss.2004) (“This Court will not entertain on appeal a new theory of uneonstitutionality which could have been raised, but was not advanced, before the trial court until a post-judgment motion.”); Ellis v. Ellis, 651 So.2d 1068, 1073 (Miss.1995); Patterson, 594 So.2d at 609; Estate of Johnson v. Adkins, 513 So.2d 922, 925 (Miss.1987) (quoting Bailey v. Collins, 215 Miss. 78, 83, 60 So.2d 587, 589 (1952)) (“Appellant has now chosen in this Court an entirely different line of battle from that chosen in the court below, and we think the theory of the case as now presented to us on this appeal is not properly before us to review.”); CIG Contractors, Inc. v. Mississippi State Bldg. Comm’n, 510 So.2d 510, 514 (Miss.1987) (“CIG is barred from pursuing this theory for the first time on appeal.”); First Mississippi Nat’l Bank v. S & K Enters., 460 So.2d 839, 841 (Miss. 1984); Contreras v. State, 445 So.2d 543, 544 (Miss.1984); Colburn, 431 So.2d at 1114; New South Corp. v. Godley, 301 So.2d 307, 310-11 (Miss.1974); Stewart v. City of Pascagoula, 206 So.2d 325, 328 (Miss.1968); Comfort v. Landrum, 52 So.2d 658, 659 (Miss.1951); Adams v. Bd. of Supervisors of Union County, 177 Miss. 403, 170 So. 684, 685 (1936) (issue “was neither presented to, considered, nor passed on, by the trial court. It is a long established rule in this state that a question not raised in the trial court will not be considered on appeal.”); Huston v. King, 119 Miss. 347, 80 So. 779, 779 (1919); Alexander v. Eastland, 37 Miss. 554, 8 George 554, 1859 WL 5348, at *3 (Miss.Err. & App.1859).
¶ 39. Relatedly, this Court repeatedly has stated that “a trial judge cannot be put in error on a matter not presented to him.” Southern, 853 So.2d at 1214 (citing Bender v. N. Meridian Mobile Home Park, 636 So.2d 385, 389 (Miss.1994); Mills v. Nichols, 467 So.2d 924, 931 (Miss. 1985)) (emphasis added). See also Hughes v. Hosemann, 68 So.3d 1260, 1265 (Miss. 2011) (quoting Tricon Metals & Servs., Inc. v. Topp, 516 So.2d 236, 239 (Miss. 1987)) (“This Court repeatedly has held that we cannot and will not rule upon issues not decided by the trial court below. ‘Logic is strained at the thought of an appellate court affirming or reversing a decision never made.’ ”); Hemba v. Mississippi Dep’t of Corr., 998 So.2d 1003, 1008-09 (Miss.2009) (“Because these claims were presented only on direct appeal, we have no evidence or rulings before us to evaluate. An appellant is not entitled to raise a new issue on appeal, since to do so prevents the trial court from having an opportunity to address the alleged error.”); Larson v. State, 957 So.2d 1005, 1018 (Miss.Ct.App.2007) (citing Billiot v. State, 454 So.2d 445, 455 (Miss.1984)) (“Trial courts should not be reversed based on issues never presented to them.”); In re V.R., 725 So.2d at 245; Patterson, 594 So.2d at 609; Methodist Hosp. of Memphis v. Marsh, 518 So.2d 1227, 1228 (Miss.1988); Estate of Myers v. Myers, 498 So.2d 376, 379 (Miss.1986); Ponder v. State, 335 So.2d 885, 886 (Miss. 1976).
*614 ¶ 40. In the case sub judice, the issue of whether Section 19-9-171 violated Section 206 was neither asserted nor offered by the plaintiffs, nor was it “instituted in” or “acted upon” by the chancery court. Dodd, 61 So. at 743-44. A putative violation of Section 206 never surfaced until the plaintiffs’ “Motion for Stay Pending Appeal,” which was filed 697 days after filing their petition, 113 days after the entry of “Final Judgment,” and more than 90 days after filing their “Notice of Appeal.” The “Motion for Stay Pending Appeal” sought only to stay “distribution of contested tax revenues to preserve the status quo pending appeal.” Regarding Section 206, the motion first informed the chancery court that the plaintiffs intended to argue this new issue on appeal. The motion did not request the chancery court to reopen the record and reconsider its ruling in light of their new claim.[19] The constitutionality of Section 19-9-171 vis-a-vis a Section 206 violation was never pleaded before, or “tried and passed upon” by the chancery court. Patterson, 594 So.2d at 609 (quoting Leverett, 197 So.2d at 890); Smith v. Fluor Corp., 514 So.2d 1227, 1232 (Miss. 1987) (“[T]he constitutionality of a statute will not be considered unless the point is specifically pleaded.”) (emphasis added). See also Munford, Mississippi Appellate Practice § 3.1 at 3-1 (2010) (“The pleadings frame the issues in the lawsuit. They create the structure the Supreme Court reviews. With the exceptions discussed in 3.7, infra,[20] a party can not assert on appeal claims and defenses not raised in the pleadings or by a proper motion.”). Therefore, there is no “judicial decision” regarding a claimed Section 206 violation for this Court to “revis[e].” Dodd, 61 So. at 743^44. Despite these obvious deficiencies, the plaintiffs plowed under our precedents, hoping this Court would not enforce the constitution, caselaw, and rules prescribed for all, and accept their dubitable invitation. This issue was raised for the first time on appeal, and a trial court cannot be placed in error on a matter not presented to it. We should not reverse for a decision never made.[21] (Maj. Op. at ¶¶ 11-12, 22-23).
¶ 41. Section 206 ought not be considered by this Court at this time. To act otherwise, allegedly because “compelling” matters of “grave importance to every school district in the county” are implicat *615 ed, is no different than the claims of great public importance advanced by the plaintiffs in Hughes and Speed v. Hosemann, 68 So.3d 1278 (Miss.2011). (Maj. Op. at ¶¶ 11-12). Yet, in those cases, this Court concluded that ripeness concerns outweighed the importance of the questions presented. See Hughes, 68 So.3d at 1266; Speed, 68 So.3d at 1281. The majority contends that “delay[ing] our answer for another day” is untenable “while the revenue distributed according to that statute potentially is lost.” (Maj. Op. at ¶ 12). But Section 19-9-171 simply codified an uncontested distribution of revenues which had been ongoing for more than thirty years. There is no great public ill in maintaining the status quo until the lower court has the opportunity to consider and rule upon Section 206.
¶ 42. No one can dispute that “on matters of law, it is our job to get it right.”[22] (Maj. Op. at ¶ 12) (quoting UHS-Quali-care, 525 So.2d at 754). But our job begins when an appeal is properly presented to us. There are numerous recent examples where this Court has ruled that it would not address important constitutional issues which had not been first presented to the trial court.[23] See, e.g., Mississippi State Fed. of Colored Women’s Club Housing v. L.R., 62 So.3d 351, 363 (Miss.2010) (“L.R. also argues, for the first time on appeal, that it would be unconstitutional for this Court to deny her those damages [on economic cost of raising a child], given that pain and suffering damages have a statutory cap. This Court declines to consider the constitutional argument, as it comes too late and is not properly before the Court.”); Williams v. Skelton, 6 So.3d 428, 430 (Miss.2009) (“This Court finds that Williams’s assertion that [the sixty-day-notice requirement in] [S]ection 15 — 1— 36(15) is unconstitutional is procedurally barred because she raises the issue for the first time on appeal, and she did not give the trial court the opportunity to rule on this issue.”); Powers v. Tiebauer, 939 So.2d 749, 754-55 (Miss.2005) (holding constitutional challenge to Section 93-9-9(1), raised for the first time on appeal, was barred); Cockrell, 865 So.2d at 360 (declining to address constitutionality of MTCA provision that MTCA claims are to be determined without a jury). This Court ought not rush to prematurely consider an issue that was not fully vetted before the chancery court and is not properly before this Court.[24] In 2007, following a vote of 50-2 in the Senate and 120-1 in the House,[25] Section 19-9-171 was signed into law by then-Governor Haley Barbour. Given that this Court will enforce Section *616 19-9-171 “unless it appears beyond all reasonable doubt to violate the Constitution[,]” we should first be presented with a trial-court record and a judicial decision regarding the statute’s constitutionality vis-a-vis Section 206 before addressing that issue. State v. Bd. of Levee Comm’rs, 932 So.2d 12, 19 (Miss.2006).
CONCLUSION
¶43. Based upon this analysis, I conclude that this Court should reject consideration of the plaintiffs’ Article 8, Section 206, argument, as it is improperly raised for the first time on appeal. I would remand for full development of the record and a chancellor’s ruling on the constitutionality, vel non, of Section 19-9-171. Only after each party has been accorded a fair and just opportunity to be heard on that issue before a trial court should this Court rule thereon.
WALLER, C.J., AND CHANDLER, J., JOIN THIS OPINION.

. As the majority does not reverse on the issue ruled upon by the chancellor (i.e., Section 112), no error has been found in his ruling.

. Counsel for the defendants summarized the plaintiffs' constitutional arguments as follows, "[fjirst of all, it violates equal protection and it violates [Section] 112.”

. Furthermore, the plaintiffs then included these averments as a record excerpt to this appeal.

. This is apart from the original jurisdiction expressly provided for in Section 146. See Miss. Const, art. 6, § 146.

. The exception is that “matters of jurisdiction may be raised for the first time on appeal." Patterson, 594 So.2d at 609 (quoting Colburn v. State, 431 So.2d 1111, 1114 (Miss. 1983)).
The majority relies upon Cockrell v. Pearl River Valley Water Supply District, 865 So.2d 357 (Miss.2004), for the proposition that constitutional questions not raised in the trial court will not be reviewed on appeal absent "unusual circumstances." (Maj. Op. at ¶ 10) (quoting Cockrell, 865 So.2d at 360) (emphasis added). The majority then proceeds to contend that the case sub judice presents such an unusual circumstance. Yet Cockrell relied upon Educational Placement Services v. Wilson, 487 So.2d 1316, 1320 (Miss. 1986), for the "unusual circumstances” principle. See Cockrell, 865 So.2d at 360 (citing Wilson, 487 So.2d at 1320). A review of Wilson reflects no citation of authority whatsoever for its "unusual circumstances” language. Wilson, 487 So.2d at 1320. Furthermore, in Wilson, this Court determined that there were “[n]o such [unusual] circumstances” to justify addressing an issue which had not been presented to and decided by the trial court. Id. Likewise, in Cockrell, this Court concluded that a challenge to the constitutionality of a statute that provided all Mississippi Tort Claims Act ("MTCA”) claims are to be determined without a jury was barred, as it was *613 not presented to and decided by the trial court. See Cockrell, 865 So.2d at 360. In sum, the general "unusual circumstances” language in Cockrell and Wilson lacks any underlying authority, and this Court’s disposition in both cases was that issues raised for the first time on appeal were barred.

. Assuming the motion had included such a request, it would have been untimely by 103 days. See Miss. R. Civ. P. 59 (motion for new trial or motion to alter or amend judgment “shall be filed not later than ten days after the entry of judgment.").

. Section 3.7 of Mississippi Appellate Practice addresses “plain error.” See Munford, Mississippi Appellate Practice § 3.7 at 3-27 (2010). The plaintiffs do not contend that this is a “plain error” case.

. The contention that the defendants "assert no prejudice from the plaintiffs' failure to raise this issue in their initial pleadingsf,]” provides no citation for the proposition that prejudice is a consideration with respect to an issue raised for the first time on appeal. (Maj. Op. at ¶ 11). The absence of any such citation militates against its consideration, i.e., the fundamental issue is jurisdictional. For this Court to address such an issue plainly violates the constitutional requirement that we act as a "court of appeals.” Miss. Const, art. 6, § 146. Prejudice, vel non, is a non sequitur. Although the majority references supplemental briefing, I am compelled to point out that, throughout that process, the defendants consistently maintained that the plaintiffs' Section 206 argument was barred, and no argument was included in the plaintiff’s supplemental brief to defeat the bar. (Maj. Op. at ¶ 11). Opening Pandora’s Box by undoing the long-established precedents outlined in ¶¶ 37-39 supra, is the wrong approach. (Maj. Op. at ¶ 12). If a proper analysis requires consideration of Section 206, then this case should be remanded for full development of the record and a ruling thereon in the chancery court.

. However, I must note that the quoted portion of UHS-Qualicare pertained to our de novo review on questions of law. In that case, this Court simply stated that, as to questions of law, we do not defer to the trial court and "[t]hat the trial judge may have come close is not good enough.” UHS-Qualicare, Inc. v. Gulf Coast Cmty. Hosp., Inc., 525 So.2d 746, 754 (Miss.1987). In no way does that case stand for the proposition that we will review issues raised for the first time on appeal.

. I feel quite certain that litigants in those cases would characterize their constitutional claims as deeply "compelling” and the underlying circumstances as being “unique” and/or "unusual.”

. In stating that a de novo standard of review applies, are we not acknowledging that the plaintiffs’ Section 206 argument should not be considered? (Maj. Op. at ¶ 8). "De novo” is defined as "[ajnew; afresh; a second time.” Black's Law Dictionary 483 (4th ed. 1968). How can we conduct a second review of that which was never reviewed by the trial court in the first place?

. Each of those members of the Mississippi Legislature took an oath "to support the Constitution ....” Mississippi Tax Comm’n v. Brown, 188 Miss. 483, 193 So. 794, 796 (1940).