397 So.2d 536 (1981)
COOK CONSTRUCTION COMPANY, INC. and the Western Casualty & Surety Co.
v.
Robert SMITH.
No. 52518.
Supreme Court of Mississippi.
April 29, 1981.
Joseph L. McCoy, McCoy, Wilkins, Noblin & Anderson, Jackson, for appellants.
B. Stevens Hazard, Daniel, Coker, Horton, Bell & Dukes, Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
This case involves the question of whether Robert Smith's injury occurred within the course and scope of his employment with Cook Construction Company, Inc. The administrative judge and the Workmen's Compensation Commission allowed compensation which was affirmed on appeal to the Circuit Court of the First Judicial District of Hinds County. The carrier and employer have appealed.
Roger Rader owned two trucks which were used in hauling asphalt for Cook for approximately four years. Smith had been driving one of Rader's trucks for about a year and a half before he was injured. Rader was paid by Cook weekly on a per ton basis with mileage also considered as a factor to determine the rate per ton he was paid. Smith in turn was paid by Rader thirty percent of the amount earned by the truck he operated. The agreement between Rader and Cook was an oral agreement terminable at will by either party. Delivering asphalt from Cook's plant to its customers was an important part of Cook's business operation. Cook had contracts with different customers which required delivery of asphalt to different locations at the time Smith was injured. Smith's working hours were determined by Cook and he was given instructions by Cook where to deliver asphalt as well as other instructions pertaining to the details of performing his services as a truck driver.
*537 On the day before Smith was injured, he had been hauling asphalt for Cook when the two right rear tires of the truck he was driving were damaged beyond repair. He was able to return the truck to Cook's Pocahontas plant. Rader instructed Smith to obtain tires and rims to replace the damaged tires. Smith was injured while checking the air pressure in the tires after installing them on the truck which he operated, and was paid by Rader for installing the new tires on the truck he operated.
The above facts are sufficient to establish an employment relationship between Smith and Cook. Wade v. Traxler Gravel Co., 232 Miss. 592, 100 So.2d 103 (1958); Stubbs v. Green Bros. Gravel Co., 206 So.2d 323 (Miss. 1968).
Appellants do not argue that Smith was not an employee of Cook, but contend the facts established a dual employment status of Smith because Smith was compensated for his tire maintenance work in a different manner from his compensation as a truck driver and because Smith's employment as a truck driver was not dependent upon his repairing the tires on the truck which he operated. Smith testified that he was not required to repair the tires but he repaired the tires because he needed the extra money and that he would have been retained as a truck driver without repairing the tires.
The critical point is whether the statutory language "arising out of" and "in the course of" would include Smith's work in repairing the tires as a basis for compensation.
In Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888, 890 (Miss. 1980), this Court stated:
The statutory language "arising out of" and "in the course of" creates a requisite for compensability. Broadly, "arising out of" calls for some causal connection between the employment and the injury. However, the employment need not be the sole cause of injury; it is sufficient if it rationally contributes to it. Prince v. Nicholson, 229 Miss. 718, 91 So.2d 734 (1957). Reasonable relation of employment and injury may involve minimal causation, less than needed for liability in the field of Torts. See, e.g., Charles N. Clark Assoc. v. Dept. of Robinson, 357 So.2d 924 (Miss. 1978).
The decisions also display the breadth of the phrase "in the course of." This phrase satisfied whenever the injury resulted from activity which is (1) in its overall contours actuated at least in part by a duty to serve the employer, or (2) reasonably incidental to the employment. Incidental activities have been held to include such personal pursuits as cleaning teeth, smoking and procuring tobacco, and going to the telephone. (379 So.2d at 890).
In Dunn, Mississippi Workmen's Compensation Commission, § 170 (2d ed. 1967), the author states:
Generally, as at common law, an employee is said to be in the course of employment when the incident occurs at a place where he reasonably may be in the performance of his duties at a time when his is fulfilling those duties or is engaged in something incidental thereto in furtherance of the employer's business. In other words, the activity, out of which the injury results, must be one related to the employment in the sense that it carries out the employer's purposes or advances his interests directly or indirectly. (Emphasis added).
We are of the opinion that Smith's activity in repairing the tires on the truck were reasonably incidental to his employment and hold that his injuries occurred within the course and scope of his employment with Cook. Of course, if Smith had been injured while installing tires on a personal vehicle of Rader's, not used to haul asphalt, Smith's employment in such capacity would not have been covered by the Workmen's Compensation Law.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.