### L.T., A Minor, By and Through Tracey and Onita HOLLINS, As Next Friends Plaintiff

v.

### THE CITY OF JACKSON; Kerry Collins; and Westwood L.P. Defendants

### No. CIV. A. 3:98–CV–562WS.

United States District Court, S.D. Mississippi, Jackson Division.

March 31, 2000.

---

John Hedglin, Rimmer, Rawlings, Macinnis & Hedglin, P.A., Madison, WI, for Plaintiff.

Hugh W. Tedder, Jr., Office of the Attorney General, Patricia K. Monson, Office of the City Attorney, Jackson, MS, J. Stephen Wright, Wright & Martin, LLP, Douglas G. Mercier, Douglas G. Mercier, Attorney, Ridgeland, MS, for Defendants.

### MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court are the motions for summary judgment filed by defendants, The City of Jackson, Mississippi, and Westwood L.P. Defendants bring their motions pursuant to Rule 56(b), Federal Rules of Civil Procedure.[1] By their motions, these defendants contend that under the undisputed facts and applicable law they are entitled to a judgment in their favor as a matter of law. Plaintiff L.T., a minor, who brings this lawsuit through Tracey and Onita Hollins, as next friends, opposes defendants' motions for summary judgment, contending that here there are disputed issues of fact which should be resolved by a jury. Claiming sexual assault by a City of Jackson police officer, plaintiff has sued the City of Jackson, Mis-

---

1. Rule 56(b) of the Federal Rules of Civil Procedure provides that, "[a] party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

sissippi; the police officer, Kerry Collins;[2] and Westwood L.P., the apartment complex where the alleged assault occurred and where defendant Kerry Collins worked part-time as a security officer. In her complaint, seeking compensatory damages, plaintiff has alleged that the defendants committed a constitutional tort under Title 42 U.S.C. § 1983[3] and various state law claims pursuant to this court's supplemental jurisdiction under Title 28 U.S.C. § 1367.[4] Persuaded that here there are no genuine issues of material fact and persuaded by the applicable law that the defendants, the City of Jackson, Mississippi, and Westwood L.P., are entitled to the relief sought, this court hereby grants summary judgment to these defendants for the reasons which follow.

## THE PARTIES AND JURISDICTION

Plaintiff, L.T., is a minor child who resides inside the City of Jackson, Mississippi.

Plaintiffs Tracey and Onita Hollins are adult resident citizens of Hinds County, Mississippi, who reside inside the City of Jackson, Mississippi. Onita Hollins is the natural mother of L.T., and Tracey Hollins is the child's stepfather.

The City of Jackson was the employer of Kerry Collins who, at the time of this incident, was employed with the City as a police officer.

Defendant Westwood L.P. is a property management corporation that owns and maintains Westwood Apartments, to which L.T. followed Collins after Collins came upon L.T. in a parked vehicle five miles removed from the premises. Westwood L.P. employed Officer Kerry Collins as a security guard for Westwood Apartments from approximately July 26, 1996, until his termination in April, 1998.

Jurisdiction over the plaintiff's federal claims is predicated on Title 28 U.S.C. § 1331[5], Title 28 U.S.C. § 1343(a)(3)[6], and

2. Plaintiff never served defendant Kerry Collins with process. On November 19, 1999 this court dismissed plaintiff's claim against Collins pursuant to Federal Rule of Civil Procedure 4(m) which allows the district court to dismiss an action without prejudice for failure of a plaintiff to serve summons and complaint upon a defendant within 120 days after the filing of the complaint.

3. Title 42 U.S.C. § 1983 provides in pertinent part that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

4. Title 28 U.S.C. § 1367(a) provides that, "[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the

district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

5. Title 28 U.S.C. § 1331 provides that, "the district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

6. Title 28 U.S.C. § 1343(a)(3) provides that, [t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

Title 42 U.S.C. § 1983 (see footnote 3). This court's jurisdiction over the plaintiff's state law claims is based on Title 28 U.S.C. § 1367 (see footnote 4).

## FINDINGS OF FACT

On or about February 22, 1998, in the evening hours, Officer Kerry Collins was employed with the City of Jackson, Mississippi, as a Jackson Police Officer and was on duty and performing his duties as a police officer. Defendant Westwood also employed Officer Collins as a security guard at Westwood Apartments, and had done so since July 26, 1996. In his capacity as security guard for Westwood Apartments, Officer Collins was responsible for arresting and detaining any individual engaged in unlawful activities or destruction of property until the arrival of the police, policing all areas of the apartment complex, enforcing children's curfews, enforcing loitering and alcoholic beverage restrictions, and monitoring excess traffic on the property. As sole compensation for his service as a security guard, Westwood Apartments furnished Collins an apartment rent-free.

The incident in question began on or about February 22, 1998, while Officer Collins was engaged in his duties as a Jackson police officer, approximately five miles distant from the property of Westwood Apartments. Late in the evening, Collins came upon the parked vehicle of plaintiff L.T. in South Park, located in the City of Jackson. Officer Collins was on duty as a Jackson police officer, wearing his police uniform, driving his police cruiser, and was recognized by L.T. as a Jackson police officer. Upon investigation, Officer Collins discovered L.T. and her boyfriend inside the vehicle. L.T. testified in her deposition that she and her boyfriend were about to engage in sexual activity when Officer Collins came upon them.

Officer Collins detained L.T. and her boyfriend and asked them for identification. L.T. became anxious; she had informed her parents that she would be at work rather than spending time with her boyfriend. After L.T. pleaded with Officer Collins to release them, Officer Collins instructed L.T. to take her boyfriend home and he would follow her to make sure that she, in fact, followed his instructions.

After L.T. dropped her boyfriend off at his residence, she noticed Officer Collins following her in his police cruiser. Officer Collins pulled up beside her on Dixon Road. He then pulled L.T. over on Barnett Street and again asked L.T. to produce her driver's license, which she did. L.T. pleaded with Officer Collins and told him she would do anything to prevent Collins from telling her parents of her activities.

Officer Collins instructed L.T. to follow his car, which she did, to Westwood Apartments. Once upon the premises of Westwood Apartments, L.T. and Officer Collins engaged in sexual activity. After engaging in this sexual activity, L.T. immediately left Officer Collins' apartment and returned to her parents' home, where she informed her parents of the night's activities.

L.T. has admitted that she did not recognize Officer Collins, at the time of the incident, as a security officer for Westwood Apartments. She testified in her deposition: (1) that she did not even know that Officer Collins was employed by Westwood Apartments as a security guard; (2) that she believed him to be a Jackson police officer; and (3) that she did not submit to his sexual advances because of his authority as a security officer at Westwood. All of these admissions may be gleaned from her deposition whereat she testified as follows:

Q. [by Mr. Wright] Did he ever tell you he worked for Westwood Apartments?

A. [by L.T.] No.

Q. Never told you that?

A. No.

Q. That whole night you never knew he worked for Westwood Apartments?

A. No.

Q. He just took you to an apartment, which I guess you assumed was his apartment, correct?

A. Right.

Q. Never once did he say, "You better have sex with me because I am a security guard of Westwood Apartments?"

A. I didn't know that until we started having court, that he worked at Westwood, and he was the security.

Q. You only found that out after you filed a complaint against him with the police force. Is that what you're saying? And when you had sex with him that night, it was not because he was a security officer at Westwood Apartments, was it?

A. No.

Q. It was because he was a policeman who threatened to tell your parents what he had seen you do; is that correct?

A. Right.

Deposition of L.T. at 116–17.

Furthermore, at the time of the incident, L.T. was not a tenant of Westwood Apartments and was not on the premises of Westwood Apartments when Officer Collins came upon her parked vehicle.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The Rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute over trivial facts which are not necessary in order to apply the substantive law does not prevent the granting of a motion for summary judgment. *Id.,* 106 S.Ct. at 2510. The rule also requires the dispute to be genuine. A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion. *Id.,* 106 S.Ct. at 2511. Of course, a moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corporation v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.* The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### CITY OF JACKSON'S MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks recovery against the City of Jackson under either one of two claims. First, plaintiff contends that the City is

liable under § 1983, on the theory that at the time of the alleged assault Kerry Collins was a Jackson City police officer and on the theory that the City had in effect a policy which caused the misconduct. Plaintiff's second contention is that the City is liable under the Mississippi Tort Claims Act,[7] in the mode of respondeat superior. This court rejects both arguments for the reasons that follow.

## A. *The City of Jackson is Not Liable Pursuant to Section 1983*

■ Under § 1983, a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents; liability only arises when the execution of an official policy of custom of the municipality causes the constitutional injury. *Gros v. City of Grand Prairie, Tex.*, 181 F.3d 613 (5th Cir.1999). If a § 1983 suit is brought against a city, the claim must be based upon the implementation or execution of a policy which was officially adopted by that body's officers. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir.1996). A local government is responsible under § 1983 "when the execution of [the] government's policy or custom, whether made by its lawmakers or by *those whose edicts or acts may fairly be said to represent official policy*, inflicts the injury ...." *Flores v. Cameron County, Tex.*, 92 F.3d 258, 263 (5th Cir.1996). However, a local government may not be held liable under § 1983 for the unconsti-

tutional acts of its non-policymaking employees—i.e., [city] liability may not rest on a theory of respondeat superior. *Id.*

The plaintiff has failed to prove that the City of Jackson endorsed a policy or custom by edict or neglect that would allow its police officers to believe that the City would ignore, excuse or allow a police officer to engage in sexual misconduct as alleged by the plaintiff. The plaintiff has further failed to identify any edict or act by any policymaker of the City which caused a deprivation of the plaintiff's constitutional rights. The plaintiff merely points to the Linder–Maple Group Report, a City-commissioned study of the police department by an independent consultant. This report states that the City of Jackson Police Department, among other things, has suffered morale and discipline problems, and the perception of corruption by the public. The report, compiled from the opinions of various interviewed lay citizens and even police officers, opinions that may be rooted in bias, misconception, rumor, as well as truth, hardly shows that the City's policymakers have established an actionable policy of acquiescence towards the illegal and corrupt activity here alleged.

The court finds, then, that the City of Jackson is entitled to judgment as a matter of law as to the plaintiff's § 1983 claims.

---

7. Mississippi Code Annotated § 11–46–11(1) provides that, "[a]fter all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity. Service of notice of claim may also be had in the following manner: If the governmental entity is a county, then upon the chancery clerk of the county sued; if the governmental entity is a municipality, then upon the city clerk. If the governmental entity to be sued is a state entity as defined in Section 11–46–1(j), service of notice of claim shall be had only upon that entity's chief executive officer. If the governmental entity is participating in a plan administered by the board pursuant to Section 11–46–7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof."

## B. The City of Jackson is Not Liable Pursuant to the MCTA

The Mississippi Tort Claims Act ("MTCA") provides that the immunity of a governmental entity is only waived to the extent that a governmental employee is acting within the course and scope of his employment. Miss.Code Ann. § 11–46–5 (1972), as amended. The MTCA precludes claims against a governmental entity for an employee's actions occurring outside the course and scope of his employment. Miss.Code Ann. § 11–46–5 (1972), as amended. The MTCA specifically precludes actions against a governmental entity where the conduct of the employee constitutes fraud, malice, libel, slander, defamation or any criminal offense. Miss.Code Ann. § 11–46–7(2) (1972), as amended.

Mississippi law provides that an activity must be in furtherance of the employer's business to be within the scope and course of employment. *Estate of Brown By and Through Brown v. Pearl River Valley Opportunity, Inc.*, 627 So.2d 308 (Miss.1993). Whether an activity is within the scope and course of employment turns upon whether the activity carries out the employer's purposes or advances his interest directly or indirectly. *Estate of Brown*, 627 So.2d at 311. Thus, "if a servant steps aside from the master's business for some purpose of his own disconnected with his employment, the relation of master and servant is temporarily suspended and this is so 'no matter how short the time and the master is not liable for his acts during such time.'" *Id.* at 311. An employee's personal unsanctioned recreational endeavors are beyond the course and scope of his employment. *See also Cook Constr. Co., Inc. v. Smith,* 397 So.2d 536 (Miss.1981).

Clearly, the actions of Officer Collins perpetuated his own purposes and not the purposes of his employer, the City. This court finds, therefore, that Officer Collins acted outside the course and scope of his employment with the City of Jackson.

The plaintiff has alleged that the acts of Kerry Collins were criminal. The plaintiff's complaint makes no reference to any Mississippi criminal statute which might address Collins' conduct. Instead, the complaint asserts that the City of Jackson investigated and found that Collins' conduct violated none of Mississippi's criminal laws. This court notes that the plaintiff's deposition testimony could be interpreted to assert the criminal offense of sexual battery[8] against Collins, particularly if she was an unwilling participant. If so, then the plaintiff's claims against the City of Jackson would be precluded by MTCA upon this ground also.

Thus, the court finds that the City of Jackson is entitled to judgment as a mat-

---

**8.** Mississippi Code Annotated § 97–3–95 defines sexual battery as follows:

(1) A person is guilty of sexual battery if he or she engages in sexual penetration with:

(a) Another person without his or her consent;

(b) A mentally defective, mentally incapacitated or physically helpless person;

(c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or

(d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

(2) A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

ter of law as to the plaintiff's state law claims.

## WESTWOOD'S MOTION FOR SUMMARY JUDGMENT

As for Westwood, plaintiff has alleged claims for (1) vicarious liability under a theory of respondeat superior; (2) premises liability; (3) negligent hiring and retention; and (4) deprivation of constitutional rights under Title 42 U.S.C. § 1983. As earlier stated, this court finds that Westwood L.P. is entitled to summary judgment on all of these claims for the reasons which follow.

### A. Respondeat Superior

■ Mississippi law follows the general rule regarding *respondeat superior*, meaning that the acts of an employee will render the employer vicariously liable only when the employer authorized the act, ratified the act after its commission, or the act occurred within the course and scope of employment. *Tichenor v. Roman Catholic Church of New Orleans*, 32 F.3d 953, 959 (5th Cir.1994); *Smith v. Gardner*, 998 F.Supp. 708, 710 (S.D.Miss.1998); *Thatcher v. Brennan*, 657 F.Supp. 6, 8–9 (S.D.Miss.1986); *Seedkem South, Inc. v. Lee*, 391 So.2d 990, 995 (Miss.1980). For an act to be within the scope of employment, it must constitute a means of accomplishing the purpose of the employment or be in the furtherance of the employer's business. *Tichenor*, 32 F.3d at 959; *Seedkem South, Inc.*, 391 So.2d at 995. If the employee engages in merely personal business, "a frolic of his own," the employer is relieved from liability, even if the employee returns to his employment after the frolic. *Seedkem South, Inc.*, 391 So.2d at 995. The test is whether the employee is engaged in his employer's business at the time of the incident. *Id.*

With this standard in mind, it is clear that the acts committed by Officer Collins were not in the scope of his employment with Westwood Apartments. The Fifth Circuit's decision in *Tichenor v. Roman Catholic Church of New Orleans*, 32 F.3d 953 (5th Cir.1994), addresses vicarious liability for sexual torts and indirectly provides the relevant guideline for this decision. In *Tichenor*, the plaintiff sued the Roman Catholic Archdioceses of New Orleans for damages that allegedly resulted from his molestation at the hands of a Catholic priest. *Tichenor*, 32 F.3d at 957–57. The plaintiff in *Tichenor* alleged that the priest and he engaged in sexual activity in Louisiana and Mississippi and that the church was liable. *Id.* at 957. The Fifth Circuit held that the sexual misconduct of the priest occurred outside the scope of his employment. *Id.* at 960. According to the Fifth Circuit, the priest's acts were neither a means of accomplishing the goals of his employment nor occurred in the course of his vocation with the church. *Id.* at 959. It mattered not that some of the alleged encounters took place, as here, on the employer's premises. *Id.* at 960. Despite the fact that the church considered the priest to be "on duty" twenty-four hours a day, seven days a week, the Court held the sexual activities to be outside the scope of the priest's employment. *Tichenor*, 32 F.3d at 959–60. In conclusion, the Court stated that the priest's acts "represent the paradigmatic pursuit of some purpose unrelated to his master's business." *Id.* at 960.

Just as in *Tichenor*, the acts committed by Officer Collins directly contradict his purpose as a security guard; indeed, nothing could be further from his duties as a guardian of the peace and protector of tenants in the furtherance of the business of Westwood than the commission of a criminal act or intentional tort upon the tenants or guests.

Furthermore, according to plaintiff, it was the authority granted to Collins in his capacity as a police officer, not a security guard, that permitted him to manipulate L.T. At the time of the incident, Officer Collins was on duty in his occupation as a Jackson police officer, wearing his officer's uniform, driving his police cruiser, and otherwise performing his duties as a police officer.

L.T. did not even know of Officer Collins' status as a security guard with Westwood Apartments on the night of the incident. L.T. has admitted that she did not submit to the advances of Officer Collins as a result of his authority as Westwood's security officer.

Other Mississippi precedent likewise supports Westwood's contention that Officer Collins was outside the course and scope of his Westwood employment. *See Patton v. Southern States Transp., Inc.,* 932 F.Supp. 795 (S.D.Miss.1996), *aff'd,* 136 F.3d 1328 (5th Cir.1998) (finding an assault and battery committed by truck driver did not render his employer liable under *respondeat superior* because the assault did not further the employer's interests); *Thatcher v. Brennan,* 657 F.Supp. 6 (S.D.Miss.1986), *aff'd,* 816 F.2d 675 (5th Cir.1987) (finding that employer of pharmaceutical salesman, who committed assault and battery while apparently engaged in his employment, was not liable as the assault constituted the salesman's "purely personal objectives, and did not further the interests of the employer"); *May v. VFW Post No. 2539,* 577 So.2d 372 (Miss.1991) (assault and battery committed by off duty janitor did not render the VFW Post liable as his employer because the employee deviated from his employment and the employer received no benefit from his conduct). Other jurisdictions have likewise come to the same conclusion. *See Rabon v. Guardsmark, Inc.,* 571 F.2d

1277 (4th Cir.1978), *cert denied,* 439 U.S. 866, 99 S.Ct. 191, 58 L.Ed.2d 176 (1978) (security company whose security guard committed a rape while on duty could not be held vicariously liable under a theory of *respondeat superior* for its security guard's actions because the conduct did not further Guardmark's business, and, in fact, it was the converse of Guardmark's purpose).

It is clear that Officer Collins' conduct constituted a deviation from the business of the employer and was, therefore, outside the scope of that employment.

### B. *Premises Liability*

■ In Mississippi, the duty owed by a premises owner depends upon the status of the injured party. *Little by Little v. Bell,* 719 So.2d 757, 760 (Miss.1998); *Steele v. Inn of Vicksburg, Inc.,* 697 So.2d 373 (Miss.1997). Mississippi still follows the common law distinctions between invitee, licensee and trespasser. For purposes of this motion, Westwood has conceded that L.T. enjoyed the favored status of invitee. An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. *Bell,* 719 So.2d at 760. The primary duty owed to invitee is the duty to keep the premises reasonably safe and to warn where there is a hidden danger or peril. *Id.* at 760; *Steele,* 697 So.2d at 377. And, where invitees complain of negligence or wrongful attacks by third parties, the duty is similarly stated: the business owner "has a duty to exercise reasonable care to protect invitees from reasonably foreseeable injury at the hand of other patrons." *Lyle v. Mladinich,* 584 So.2d 397, 399 (Miss.1991). In other words, this duty to protect invitees from assault by third parties arises only where the business owner has "cause to anticipate" an assault. And that cause to anticipate may arise either from: (1)

actual or constructive knowledge of the assailant's inappropriate nature; or (2) actual or constructive knowledge that an atmosphere of violence exists in the place of business or its parking lot. *Lyle v. Mladinich, supra.*

■ This court finds that Westwood exercised reasonable care to make the premises safe, hiring a security guard with competent training received from the City of Jackson as required by Mississippi law. *See* Miss.Code Ann. §§ 45–6–1,[9] *et seq.* Pursuant to Mississippi's legislatively mandated Law Enforcement Officers Training Program, MCA §§ 45–6–1 *et seq.*, Collins had endured comprehensive selection procedures and background investigations far beyond the ken of the typical apartment complex hiring a security guard.

Further, to determine whether the assault was reasonably foreseeable, that is, whether the business owner "ha[d] cause to anticipate the assault," in the context of L.T.'s case, one must look to actual or constructive knowledge Westwood had relative to Collins' propensity to commit a sexual assault. Westwood owed no duty to protect L.T. from sexual assault by Collins unless Westwood had actual or constructive knowledge of a propensity to commit sexual assaults.

L.T., however, offers no proof that Collins had such a propensity, much less that Westwood knew of such propensity. Thus, L.T. has presented no proof to this court purporting to show that the assault was reasonably foreseeable by Westwood.

Therefore, examining the evidence in the light most favorable to the plaintiff and assuming that L.T. was an invitee, the court finds that Westwood satisfied its duty to exercise reasonable care to make the premises safe and breached no duty to the plaintiff for which Westwood may be liable under Mississippi premises liability law.

### C. *Negligent Hiring and Retention*

■ In Mississippi, an employer has the duty to exercise due care in the hiring of its employees. *Thatcher*, 657 F.Supp. at 11. If the employer knew or should have known of the employee's propensity for misbehavior, then the employer may be liable. *Jones v. Toy*, 476 So.2d 30, 31 (Miss.1985). Once again, examining the evidence and record in a light most favorable to the plaintiff, this court is persuaded that Westwood satisfied its duty of care in the hiring of Officer Collins in that Westwood relied upon an intensive selection process, background check, and character evaluation employed by the Jackson Police Department regarding Officer Kerry Collins. The Jackson Police Department was imminently better suited than Westwood to conduct this background check and Westwood acted responsibly in relying on the training, selection, and discipline to which police officers are subjected. *See Thatcher*, 657 F.Supp. at 11; *Jones*, 476 So.2d at 31. *See also* Miss.Code Ann. §§ 45–6–1 (see footnote 9), *et seq.*

■ Regarding the plaintiff's allegations that Westwood negligently retained Officer Collins after notice of his propensities for violence and abuse of authority, this theory also must fail. Plaintiffs base this contention upon a single incident,

---

9. Mississippi Code Annotated § 45–6–1 provides that, "[t]he Legislature finds that the administration of criminal justice is of statewide concern, and that the activities of law enforcement officers are important to the health, safety and welfare of the people of this state and are of such nature as to require selection, education and training of a professional nature upon entrance and during the careers of law enforcement officers. It is the intent of the Legislature to provide for the coordination of training programs for law enforcement officers and to set standards therefor."

which occurred on Westwood Apartment's property, within a year prior to the L.T. incident. Although the facts of the incident are somewhat sketchy, it appears as though Officer Collins, while performing his duties as a Westwood security officer, became involved in an altercation with another individual over the use of fireworks on Westwood Property. According to the plaintiff, this single incident was sufficient to place Westwood on notice of Officer Collins propensity to "abuse his authority."

■ However, in order for liability to attach to Westwood on this theory, Westwood would have to know of Collins' propensity to commit sexual misconduct. *See generally Tichenor*, 32 F.3d at 960. Nothing in the record has suggested that Collins had such a propensity or that it could be known by Westwood before February 22, 1998. Nothing in the city's background check which was relied upon by Westwood even hinted at such a propensity. Also, the alleged prior assault regarding the firecracker incident from 1997 differed in all respects from the L.T. incident—different situation, different gender, and a different type of assault. *See generally Tichenor*, 32 F.3d at 960–961; *Thatcher*, 657 F.Supp. at 10–12; *Jones* 476 So.2d at 31.

### D. *Title 42 U.S.C. § 1983*

L.T.'s lone federal cause of action against Westwood L.P. charges that Westwood is liable under Title 42 U.S.C. § 1983, despite being a private actor, because Westwood was a "willful participant in joint action with the state for its agents." In support of this charge, L.T. notes: (1) that Westwood obtained Collins' services as a security officer through the Jackson Police Department; (2) that Collins' duties at the apartment complex required him to "act in the capacity of the police by making arrests;" (3) that West-

wood relied upon the Jackson Police Department for Collins' background check, his employment as a police officer being a condition of his employment as a security officer; (4) that Collins would display his badge when patrolling Westwood; and (5) that he apparently displayed an official police emblem on the door of his apartment.

In order for a § 1983 suit to be viable, the defendant must have caused the constitutional tort while acting "under color of state law." *See* Title 42 U.S.C. § 1983. Moreover, in order for a private party to act "under color of state law" there must be:

1. A close nexus between the government and the challenged conduct;

2. A symbiotic relationship must exist between the private party and the governmentality;

3. The government and private actor must be willing participants in joint activity; or

4. The private party must perform a function that traditionally is within the exclusive province of the state. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir.1995); *Cinel*, 15 F.3d at 1343; *Wong*, 881 F.2d 200 (5th Cir. 1989).

■ None of these elements can be found in the present case. For purposes of the nexus test, the state must be significantly involved in or actively participate in the alleged conduct—in this case, sexual battery. The actions complained of by L.T.—employing a Jackson police officer to police the apartment complex, making his employment with the complex dependant on his continued employment with the Jackson Police Department, allowing Collins to place a JPD decal on his apartment door, etc.,—do not constitute a sufficient nexus for state action. *See Beanal v.*

*Freeport–McMoRan, Inc.,* 969 F.Supp. 362, 376–77 (E.D.La.1997) ("[g]overnmental regulation, subsidy, approval or acquiescence in the private conduct does not make the state responsible for the conduct.") Simply because Westwood employed a Jackson police officer as a security guard does not transform it into a state actor.

Even if the status of Collins as a security guard "was known and condoned by Collins' supervising officers with the Jackson Police Department," it does not follow the required nexus between Westwood and the Jackson Police Department is established. *See Beanal,* 969 F.Supp. at 377. Once again, for purposes of the nexus test, the state must be significantly involved in or actively participate in the alleged conduct—in this case sexual battery. *Id.*

Even more importantly, vicarious liability does not exist under § 1983. Instead, under *Monell,* a defendant who employs an active tortfeasor is liable for that constitutional tort only if the employer instituted some policy or custom that caused the constitutional injury. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Stokes v. Bullins,* 844 F.2d 269, 271–76 (5th Cir. 1988). *Respondeat superior* is foreign to § 1983 jurisprudence.

Despite the clear language of *Monell,* L.T. argues for vicarious liability under § 1983 for Westwood based upon the case of *Carr v. City of Chicago,* 669 F.Supp. 1418 (N.D.Ill.1987). According to the plaintiffs, *Carr* states that vicarious liability is appropriate under § 1983 when the defendant is not a municipality. Plaintiff concedes, however, that *Carr* has never been endorsed by the Fifth Circuit.

Furthermore, the defendant could only be liable under § 1983 for causing the constitutional violation. *See Monell,* 436 U.S. at 693–95, 98 S.Ct. 2018. However, there is no evidence that Westwood caused L.T.'s injuries, as she testified candidly that she did know defendant Collins' position as a Westwood security guard and that his position at Westwood in no way caused her to submit to his advances.

This court is persuaded that no liability can attach to Westwood under Title 42 U.S.C. § 1983. This claim, too, must be dismissed.

### CONCLUSION

For the reasons given above, the motions of defendants City of Jackson and Westwood, L.P. for summary judgment are granted. While It is true that municipalities and their officials are amenable to suit under § 1983 for monetary, declarative, and injunctive relief, nevertheless, for an action to lie against a municipal entity, the plaintiff must demonstrate that the entity's policy or custom played a part in the violation of federal law. *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 (1991), citing *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985) (citing *Monell,* 98 S.Ct. at 2035–37 n. 55). This the plaintiff has failed to do. Additionally, this court finds no basis for liability against Westwood, L.P. under the theories of respondeat superior, negligent hiring, premise liability or under § 1983 for the reasons stated.

Plaintiff sued Kerry Collins; The City of Jackson, Mississippi; and Westwood L.P. This court earlier dismissed defendant Kerry Collins from this lawsuit pursuant to Rule 4(m), Federal Rules of Civil Procedure, for plaintiff's failure to serve timely a copy of the summons and complaint upon him.[10] Since by this Opinion, this court

---

**10.** See footnote 2.

has found that none of plaintiff's claims against the two remaining defendants has merit, plaintiff's lawsuit must be dismissed in its entirety. This court will enter a separate judgment commensurate with the local rules.