**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 2002-CA-02090-SCT**

*SANDRA COCKRELL*

*v.*

*PEARL RIVER VALLEY WATER SUPPLY DISTRICT*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/19/2002 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM P. FEATHERSTON, JR. |
| ATTORNEY FOR APPELLEE: | J. STEPHEN WRIGHT |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 02/05/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PITTMAN, C.J., WALLER, P.J., AND CARLSON, J.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     The Pearl River Valley Water Supply District ("District") was granted summary judgment pursuant to the Mississippi Tort Claims Act (MTCA) dismissing with prejudice all claims asserted against it by Sandra Cockrell. Cockrell appeals the ruling of the circuit court citing numerous errors. Finding the motion for summary judgment was properly granted in favor of the District, this Court affirms the final judgment entered by the Circuit Court of Rankin County.

**FACTS AND PROCEEDINGS IN THE TRIAL COURT**

¶2.     On June 28, 1998, Sandra Cockrell was arrested for suspicion of driving under the influence of alcohol by Officer Joey James who was employed as a security patrol officer with the Reservoir Patrol of the Pearl River Valley Water Supply District. Officer James then transported Cockrell to the Reservoir Patrol office and administered an intoxilyzer test. The results of the test are not before us; however, we do know that after the test was administered, Officer James apologized to Cockrell for arresting her, and he assured her that he would prepare her paperwork so that she would not have to spend much time in jail. As they were leaving the Reservoir Patrol office, Officer James began asking Cockrell personal questions such as where she lived, whether she was dating anyone and if she had a boyfriend. Officer James then asked Cockrell for her cell phone number so that he could call and check on her. As they were approaching his patrol car for the trip to the Rankin County jail, Officer James informed Cockrell that she should be wearing handcuffs; however, he did not handcuff Cockrell, and he allowed her to ride in the front seat of the patrol car with him. In route to the jail, Cockrell became emotional and started crying. As she was fixing her makeup using the mirror on the sun visor, Officer James pulled his patrol car into a church parking lot and parked the car. He then pulled Cockrell towards him in an embrace and began stroking her back and hair telling her that things would be fine. Cockrell told Officer James to release her, but he continued to embrace her for approximately five minutes before continuing on to the jail.

¶3.     On June 30, 1998, Cockrell returned to the Reservoir Patrol office to retrieve her driver's license. Officer James called Cockrell into his office and discussed her DUI charge with her. As she was leaving, Officer James grabbed her from behind, turned her around, pinned both of her arms behind her and pulled her to his chest. When Officer James bent down to kiss her, she ducked her head, thus causing Officer James to instead kiss her forehead. When Officer James finally released Cockrell, she ran out of the door and drove away.

¶4.     On August 7, 1998, Cockrell's attorney, William P. Featherston, Jr., wrote a letter to Chief James Stepp of the Reservoir Patrol informing him that Cockrell was considering filing criminal charges against Officer James and civil charges against the Reservoir Patrol. Officer James was terminated by the Reservoir Patrol office on October 5, 1998.

¶5.     On September 22, 1999, Cockrell filed a complaint for damages against the District alleging that on the nights of June 28 and June 30, 1998, Officer James was acting within the course and scope of his employment with the District and that he acted with reckless disregard for her emotional well-being and safety. This complaint was filed in the Circuit Court of the First Judicial District of Hinds County; therefore, the District filed a motion to change venue to Rankin County where the alleged incidents occurred. The circuit court entered an Agreed Order For Change of Venue to the Circuit Court of Rankin County.

¶6.     On April 2, 2002, the District filed its motion for summary judgment alleging that there was no genuine issue of material fact regarding Cockrell's claim of liability. The motion alleged that the conduct described by Cockrell was outside the course and scope of Officer James's public employment as he was intending to satisfy his lustful urges. Cockrell responded to the motion arguing that the misconduct did occur in the course and scope of Officer James's employment with the District and also that the misconduct did not reach the level of a criminal offense such that the District could be found not liable under the MTCA.

¶7.     On November 19, 2002, the trial court entered a final judgment granting the District's motion for summary judgment and dismissing the complaint with prejudice. The trial court found that the District could not be held liable under the MTCA for the conduct of Officer James which was both criminal and outside the course and scope of his employment. Cockrell timely filed her notice of appeal.

## DISCUSSION

3

¶8. Summary judgment is granted in cases where there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). This Court conducts a de novo review to determine if the trial court properly granted a motion for summary judgment. *Daniels v. GNB, Inc.*, 629 So.2d 595, 599 (Miss. 1993). "Statutory interpretation is a matter of law which this court reviews de novo." *Wallace v. Town of Raleigh*, 815 So.2d 1203, 1206 (Miss. 2002) (citing *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 165 (Miss. 1999)). In conducting a de novo review, the evidence is viewed in a light most favorable to the nonmoving party, but, if the evidence shows that the moving party is entitled to a judgment as a matter of law, then "summary judgment should forthwith be entered in his favor." *Daniels, Inc.*, 629 So.2d at 599. *See also* *Conrod v. Holder*, 825 So.2d 16, 18 (Miss. 2002).

## I. WHETHER MISS. CODE ANN. § 11-46-13(1), WHICH PROVIDES THAT CLAIMS UNDER THE MTCA SHOULD BE HEARD WITHOUT A JURY, IS A VIOLATION OF COCKRELL'S STATE CONSTITUTIONAL RIGHT TO A TRIAL BY JURY PURSUANT TO ART. 3, § 31 OF THE MISSISSIPPI CONSTITUTION OF 1890.

¶9. For the first time on appeal, Cockrell argues Miss. Code Ann. § 11-46-13 (Rev. 2002), which states that all MTCA claims are to be determined without a jury, is unconstitutional. Cockrell bases her argument on Article 3, Section 31 of the Mississippi Constitution which states that "[t]he right of trial by jury shall remain inviolate, but the legislature may, by enactment, provide that in all civil suits tried in the circuit and chancery court, nine or more jurors may agree on the verdict and return it as the verdict of the jury." In its motion for summary judgment and in its oral argument before the trial judge, Cockrell never argued that this statute was unconstitutional.

4

¶10. The law is well-established regarding claims as to the constitutionality of statutes made for the first time on appeal.

> "We accept without hesitation the ordinarily sound principle that this Court sits to review actions of trial courts and that we should undertake consideration of no matter which has not first been presented to and decided by the trial court. We depart from this premise only in unusual circumstances." *Educational Placement Services v. Wilson*, 487 So.2d 1316, 1320 (Miss. 1986). "The law has been well settled that the constitutionality of a statute will not be considered unless the point is specifically pleaded." *Smith v. Fluor Corp.*, 514 So.2d 1227, 1232 (Miss. 1987). Furthermore, Rule 24(d) of the Mississippi Rules of Civil Procedure requires that proper notice be given to the Attorney General when the constitutionality of a statute is challenged "to afford him an opportunity to intervene and argue the question of constitutionality." Miss. R. Civ. P. 24(d).

*Barnes v. Singing River Hosp. Sys.*, 733 So.2d 199, 202-03 (Miss. 1999). *See also Pickens v. Donaldson*, 748 So.2d 684, 691-92 (Miss. 1999). Cockrell's failure to raise the issue of the constitutionality of section 11-46-13 before the trial court and to notify the Attorney General results in the procedural bar on this issue. Therefore, we decline to address it.

## II. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PEARL RIVER VALLEY WATER SUPPLY DISTRICT.

¶11. Cockrell contends there is a genuine issue of material of fact regarding whether Officer James was acting in the course and scope of his employment with the District during the incidents which occurred on the nights of June 28 and June 30, 1998. Cockrell argues Officer James's conduct, although inappropriate, did not rise to the level of criminal conduct. Cockrell contends Officer James's action of hugging Cockrell was similar to an officer consoling a victim of a crime. Cockrell does admit that Officer James's action of kissing her is more difficult to view as within the course and scope of his employment; however, Cockrell does not agree that those actions amounted to a criminal act which would preclude a claim under the MTCA.

¶12.    The District argues that although Officer James acted within the course and scope of his duties when he arrested Cockrell, his later conduct, which was intended to satisfy his lustful desires, was outside the scope of his employment with it. The District also contends that the inappropriate conduct of Officer James constituted simple assault pursuant to Miss. Code Ann. § 97-3-37 (Rev. 2000).[1]

¶13.    The District is a governmental entity of the State of Mississippi, as defined by the MTCA; therefore, this case was brought pursuant to the MTCA. See Miss. Code Ann. §§ 11-46-1 *et seq*. Pursuant to Miss. Code Ann. § 11-46-5(1), a governmental entity, such as the District, can be liable under the MTCA for the misconduct of its employee if that misconduct occurred while the employee was "acting within the course and scope of employment." Miss. Code Ann. § 11-46-7(7) states that "it shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." However, a governmental entity is not liable for any misconduct of its employees which occur outside the course and scope of that employee's employment such as conduct which constitutes "fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Miss. Code Ann. §§ 11-46-5(2) & 11-46-7(2). Therefore, pursuant to the MTCA, the District is not liable nor considered to have waived immunity and Cockrell may not recover damages if Officer James's conduct (1) occurred outside the course and scope of his employment or (2) constituted a criminal offense.

---

[1] Miss. Code Ann. § 97-3-7 defines simple assault as:

(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both.

6

¶14. "Mississippi law provides that an activity must be in furtherance of the employer's business to be within the scope and course of employment." *L.T. ex rel. Hollins v. City of Jackson*, 145 F. Supp. 2d 750, 757 (S.D. Miss. 2000) (citing *Estate of Brown ex rel Brown v. Pearl River Valley Opportunity, Inc.*, 627 So.2d 308 (Miss. 1993)), *aff'd mem.*, 245 F.3d 790 (5th Cir. 2000). To be within the course and scope of employment, an activity must carry out the employer's purpose of the employment or be in furtherance of the employer's business. *Seedkem South, Inc. v. Lee*, 391 So.2d 990, 995 (Miss. 1980). *See also Estate of Brown*, 627 So.2d at 311. Therefore, if an employee steps outside his employer's business for some reason which is not related to his employment, the relationship between the employee and the employer "is temporarily suspended and this is so 'no matter how short the time and the [employer] is not liable for [the employee's] acts during such time.'" *Id.* at 311. "An employee's personal unsanctioned recreational endeavors are beyond the course and scope of his employment." *Hollins*, 145 F. Supp. 2d at 757. *See also Cook Constr. Co. v. Smith*, 397 So.2d 536, 537 (Miss. 1981).

¶15. In *Hollins*, Officer Kerry Collins, a Jackson Police officer, was on duty when he came upon the parked car of L.T., a minor, and her boyfriend, who were about to engage in sexual activity. 145 F. Supp. 2d 754. Officer Collins instructed L.T. to take her boyfriend home, and he would follow her to make sure she followed his orders. *Id.* After L.T. dropped off her boyfriend, Officer Collins continued to follow her until he pulled L.T. over. *Id.* Officer Collins then instructed L.T. to follow him to his apartment or else he would inform L.T.'s parents of her activities. *Id.* L.T. followed Officer Collins to his apartment where they engaged in sexual activity. *Id.* Upon returning home, L.T. told her parents everything that had happened. *Id.* L.T. and her parents filed suit against Officer Collins, the City of Jackson and the Westwood

Apartments, where Officer Collins lived rent free in return for his services as a security guard. *Id.* at 752-53. After Officer Collins was dismissed from the case due to a procedural error, the remaining defendants moved for summary judgment. *Id.* at 752. The district court granted summary judgment in favor of the City finding that Officer Collins acted outside the course and scope of his employment with the Jackson Police Department. *Id.* at 757.

¶16.    In *Tichenor v. Roman Catholic Church of the Archdiocese of New Orleans*, 32 F.3d 953 (5th Cir. 1994), Tichenor sued the Archdiocese of New Orleans for damages that allegedly resulted from his sexual molestation by a Catholic priest. The Fifth Circuit found that the priest was not acting within the course and scope of his employment. *Id.* at 959. The Fifth Circuit held that "smoking marijuana and engaging in sexual acts with minor boys" in no way furthered the interests of his employer. *Id.* at 960.

¶17.    The Southern District of Mississippi and the Fifth Circuit, applying Mississippi law, have held that sexual misconduct falls outside the course and scope of employment. There is no question that Officer James was within the course and scope of his employment when he first stopped Cockrell for suspicion of driving under the influence of alcohol. However, when Officer James diverted from his employment for personal reasons, he was no longer acting in the furtherance of his employer's interests. The District offered sufficient proof to rebut the presumption that while the act of its employee occurred during the time of his employment, that act did not fall within the course and scope of his employment. Therefore, the District cannot be held liable under the MTCA for the misconduct of Officer James which occurred outside the course and scope of his employment.

¶18.    Because we find that Officer James was not acting within the course and scope of his employment with the result that the District is not liable under the MTCA, we need not address whether Officer James's conduct constituted a criminal offense.

8

## CONCLUSION

¶19.    The trial court properly granted summary judgment in favor of the Pearl River Valley Water Supply District. Pursuant to the MTCA, the District cannot be liable for an employee's actions which occur outside the course and scope of employment. Therefore, the judgment of the Circuit Court of Rankin County is affirmed.

¶20.    **AFFIRMED.**

**PITTMAN, C.J., SMITH AND WALLER, P.JJ., COBB AND DICKINSON, JJ., CONCUR.  GRAVES, J., CONCURS IN RESULT ONLY.  EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**