CARLTON, J.,
dissenting:
¶ 32. I respectfully dissent from the opinion of the majority affirming the trial court’s finding of immunity liability under both the Mississippi Tort Claims Act (MTCA) and the Mississippi Emergency Management Law (MEML). I respectfully submit that no immunity exists since Jimmy Bond’s actions failed to constitute fire protection services, and his duties at the time of the accident also failed to constitute police law enforcement duties.
¶ 33. At the time of the accident, Bond was operating a flat-bed truck in route to pick up a bulldozer for later use by the Forestry Commission for fire protection services. Bond was not responding in route to any existing emergency or fire protection call, but instead was performing a maintenance duty. Therefore, no immunity exists under MTCA or MEML. See City of Jackson v. Harris, 44 So.3d 927, 933 (¶ 24) (Miss.2010) (Finding city liable where officer committed “traffic offenses” including speeding in route to the hospital on errand related to insurance information, and officer was not responding to an existing emergency.); L.T. ex rel. Hollins v. *799 City of Jackson, 145 F.Supp.2d 750, 757 (S.D.Miss.2000) (finding officer who committed sexual assault was outside of the course and scope of his employment as an officer.). See also Miss.Code Ann. §§ 11-46-5(2) (Rev.2002); 11-46-7(2) (Rev.2002) (specifically excluding traffic offenses from immunity); 63-8-201 (Rev.2004) (breach of traffic offenses constitute misdemeanors); 63-3-503 (Rev.2004) (requiring drivers to abide by speed limit).
LEE, P.J., JOINS THIS OPINION.